UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOHN GUGLIELMO and CRAIG WILHELMY,
on behalf of themselves, individually,
and on behalf of all others similarly-situated,

                                               **COMPLAINT**

                 Plaintiffs,

                                          **Docket No.:**

        -against-

                                        **Jury Trial Demanded**

THE CHEESECAKE FACTORY RESTAURANTS, INC.,

                 Defendant.
-----------------------------------------------------------------X

       Plaintiffs, JOHN GUGLIELMO and CRAIG WILHELMY, each on behalf of themselves, individually, and on behalf of all others similarly-situated (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs"), by and through their attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for their Complaint against THE CHEESECAKE FACTORY RESTAURANTS, INC. ("Defendant"), allege upon knowledge as to themselves and their own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

       1.     This is a civil action for damages and equitable relief based upon Defendant's willful violations of Plaintiffs' rights guaranteed to them by: (i) the minimum wage provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206(a); (ii) the minimum wage provisions of the New York Labor Law ("NYLL"), NYLL § 652(1), NYCCRR § 146-1.1 *et seq*; (iii) the overtime provisions of the NYLL, N.Y. Lab. Law § 160; N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4; (iv) the NYLL's requirement that employees receive one hour's pay at the minimum wage rate for any day in which the spread of hours exceeds ten, N.Y. Lab. Law § 652(1); N.Y.

Comp. Codes R. & Regs. tit. 12, § 146-1.6; (v) the NYCCRR's requirement that an employee who by request or permission of the employer reports for work on any day be paid for at least three hours, or the number of hours in the regularly scheduled shift, whichever is less, at the minimum wage rate, NYCCRR § 146-1.5; (vi) the NYLL's requirement that employers not make unlawful deductions from employees' earned wages without written consent, NYLL § 195(3), NYCCRR § 146-1.8; (vii) the NYLL's requirement that employers provide on each payday proper wage statements to their employees containing specific categories of accurate information, NYLL § 195(3); and (viii) any other claim(s) that can be inferred from the facts set forth herein.

2.     Defendant Cheesecake Factory is the owner and operator of a popular restaurant chain consisting of nearly 200 restaurants, eleven of which are located in New York.  Plaintiffs are one current and one former server who work and worked for Defendant at its restaurants located in the Smith Haven Mall in Lake Grove, New York ("Lake Grove restaurant") and the Walt Whitman Mall in Huntington, New York ("Huntington restaurant").  Plaintiffs bring the instant action because of Defendant's abject failure, during the applicable statutory periods, to pay Plaintiffs at the minimum wage rate of pay for each hour worked, and in the case of Plaintiff Wilhelmy, overtime wages or spread-of-hours pay due to him under the NYLL and NYCCRR for his hours worked over forty per week or ten per day.

3.     Defendant operated and continues to operate several unlawful schemes to deprive Plaintiffs of their lawfully earned wages.  First, Defendant required and requires Plaintiffs to attend mandatory pre-shift "Staff Alignment Meetings" and other "Menu Rollout Meetings" without punching in for work, and to complete work at the end of their shifts after punching out, thereby forcing Plaintiffs to work these "off the clock" hours for no compensation whatsoever.

Second, Defendant deducted and deducts a tip credit from Plaintiffs' wages based upon amounts other than the tips they actually earned and earn. Third, Defendant required and requires Plaintiffs to appear for work shifts only to inform them that they were and are not needed after they arrived, and refused and refuses to pay Plaintiffs the required minimum three hours of pay for these instances. Fourth, in the case of Plaintiff Wilhelmy, Defendant required Plaintiff Wilhelmy to work over forty hours during many weeks but failed to pay Plaintiff Wilhelmy at one-and-one half the minimum wage rate for all hours worked over forty.

4.      Defendant also failed to pay Plaintiff Wilhelmy his spread-of-hours pay of one hour's pay at the minimum wage rate on those days when he worked more than ten hours during a given day.

5.      Additionally, Defendant required and requires Plaintiffs to purchase uniform shoes directly from Defendant, and without their written consent, unlawfully deducted and deducts from Plaintiffs' pay the costs of purchasing those shoes.

6.      Finally, Defendant completely failed to provide Plaintiffs with proper wage statements containing specific categories of accurate information on each payday, as the NYLL requires.

7.      Defendant paid and treated all of its bartenders, servers, waiters, busboys, and other members of its wait-staff at all of its locations in New York in this manner.

8.      Plaintiffs bring this lawsuit against Defendant pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of themselves, individually, and on behalf of all other persons similarly situated during the applicable FLSA limitations period who suffered damages as a result of Defendant's violations of the FLSA.

3

9.      Plaintiffs also bring this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of themselves, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result of the Defendant's violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

10.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*.   The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all state law claims.

11.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1), as Defendant resides within this judicial district, and pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the actions comprising the claims for relief occurred within this judicial district.

## PARTIES

12.     At all relevant times herein, Plaintiff Guglielmo is and was a resident of the State of New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCCRR.

13.     At all relevant times herein, Plaintiff Wilhelmy is and was a resident of the State of New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCCRR.

14.     At all relevant times herein, Defendant is and was a California corporation with its corporate headquarters located at 26901 Malibu Hills Road Calabasas Hills, California, 91301, which does business in many states, including in the State of New York.  Defendant has

designated Corporation Service Company as its registered agent for service of process, located at

80 State Street, Albany, New York, 12207-2543.

15.     At all relevant times, Defendant is and was an "employer" within the meaning of

the FLSA, the NYLL, and the NYCCRR.  Additionally, Defendant's qualifying annual business

exceeded and exceeds $500,000, and Defendant is and was engaged in interstate commerce

within the meaning of the FLSA as it operates restaurants in many states throughout the country,

the combination of which subjects Defendant to the FLSA's minimum wage requirements as an

enterprise.

## COLLECTIVE ACTION ALLEGATIONS

16.     Plaintiffs seek to bring this suit to recover from Defendant their full payment of

all unpaid minimum wages and liquidated damages under the applicable provisions of the FLSA,

29 U.S.C. § 216(b), individually, on their own behalves, as well as on behalf of those in the

following collective:

> Current and former non-managerial employees of Defendant who,
> during the applicable FLSA limitations period, performed any
> work for Defendant in New York as bartenders, servers, waiters,
> busboys, and/or as other members of its wait-staff at one of
> Defendant's locations in the state of New York who give consent
> to file a claim to recover damages for minimum wages that are
> legally due to them ("FLSA Plaintiffs").

17.     Defendant treated Plaintiffs and all FLSA Plaintiffs similarly in that Plaintiffs and

all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section

below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar

manner; and (4) were not paid the required minimum rate of pay for all hours worked each week.

5

18.     At all relevant times, Defendant was aware of the requirement to pay Plaintiffs and all FLSA Plaintiffs at an amount equal to the minimum hourly rate for all hours worked, yet it purposefully chose not to do so.

19.     Thus, Plaintiffs and all FLSA Plaintiffs are victims of Defendant's pervasive practice of willfully refusing to pay its employees at the minimum wage for all hours worked per workweek in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

20.     In addition, Plaintiffs seek to maintain this action as a class action pursuant to FRCP 23(b)(3), individually, on their own behalves, as well as on behalf of those who are similarly-situated who, during the applicable statutory period, Defendant also subjected to violations of the NYLL and the NYCCRR.

21.     Under FRCP 23(b)(3), a plaintiff must plead that:

    a.   The class is so numerous that joinder is impracticable;

    b.   There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

    c.   Claims or defenses of the representative are typical of the class;

    d.   The representative will fairly and adequately protect the class; and

    e.   A class action is superior to other methods of adjudication.

22.     The Rule 23 Class that Plaintiffs seek to identify includes:

Current and former non-managerial employees of Defendant who performed any work for Defendant as bartenders, servers, waiters, busboys, and/or as other members of its wait-staff during the statutory period within New York, who: (1) did not receive compensation at the legally-required minimum wage rate of pay for each hour worked; (2) did not receive overtime pay at the rate of one-and-one half times the minimum wage rate for each hour

6

worked over forty during a given workweek; (3) did not receive spread of hours pay as NYCCRR § 146-1.6 requires; (4) were not paid for at least three hours, or the number of hours in their regularly scheduled shift, whichever is less, at the basic minimum hourly wage on occasions when they reported to work and Defendant sent them home before three hours due to lack of need as NYCCRR § 146-1.5 requires; (5) had unlawful deductions taken from their wages without written consent; and (6) were not provided with the statutorily-required wage statements on each payday pursuant to NYLL § 195(3) ("Rule 23 Plaintiffs").

<u>Numerosity</u>

23.    During the previous six years Defendant has, in total, employed at least forty employees that are putative members of this class.

<u>Common Questions of Law and Fact</u>

24.    There are common questions of law and fact that govern the claims that are available to each and every Rule 23 Plaintiff, including but not limited to the following: (1) the duties that the Defendant required Plaintiffs and the Rule 23 Plaintiffs to perform; (2) whether Defendant denied Plaintiffs and the Rule 23 Plaintiffs compensable time for all hours worked; (3) whether Defendant compensated Plaintiffs and the Rule 23 Plaintiffs at the statutorily-required minimum wage for each hour worked; (4) whether Defendant required Plaintiffs and the Rule 23 Plaintiffs to attend meetings without punching in for work, or to complete work at the end of their shifts after punching out; (5) whether Defendant compensated Plaintiff Wilhelmy and the Rule 23 Plaintiffs at the statutorily required overtime rate of pay for each hour worked over forty during a given week; (6) whether Defendant paid Plaintiff Wilhelmy and the Rule 23 Plaintiffs their spread-of-hours pay for each day where they worked over ten hours; (7) whether Defendant claimed tip credits from Plaintiffs and the Rule 23 Plaintiffs that were not based on the tips that Plaintiffs and the Rule 23 Plaintiffs actually received; (8) whether Defendant made

unlawful deductions from Plaintiffs and the Rule 23 Plaintiffs' wages without written consent; (9) whether Defendant failed to pay Plaintiffs and the Rule 23 Plaintiffs a minimum of three hours call-in-pay, or the number of hours in the regularly scheduled shift, whichever is fewer, at the basic minimum hourly rate for reporting to work on any day pursuant to NYCCRR § 146-1.5; (10) whether Defendant furnished Plaintiffs and the Rule 23 Plaintiffs with proper wage statements on each payday as NYLL § 195(3) requires; (11) whether Defendant kept and maintained records with respect to each hour that Plaintiffs and the Rule 23 Plaintiffs worked; (12) whether Defendant kept and maintained records with respect to the compensation that it paid to Plaintiffs and the Rule 23 Plaintiffs; (13) whether Defendant maintains any affirmative defenses with respect to Plaintiffs and the Rule 23 Plaintiffs' claims; (14) whether the Defendants' actions with respect to Plaintiffs and the Rule 23 Plaintiffs were in violation of the NYLL and supporting regulations; (15) if so, whether the Defendants' actions were in willful violation of the NYLL and supporting regulations; and (16) if so, what constitutes the proper measure of damages.

<u>Typicality of Claims and/or Defenses</u>

25.   As described in the facts section below, Defendant employed Plaintiffs as non-exempt members of its wait-staff.  Plaintiffs' claims are typical of the claims of the Rule 23 Plaintiffs whom Plaintiffs seek to represent, as Defendant failed to pay the Rule 23 Plaintiffs at the minimum wage rate of pay for all hours worked, or their overtime rates of pay for all hours worked over forty during a given workweek, just as it failed to pay Plaintiffs.  Plaintiffs and the Rule 23 Plaintiffs enjoy the same rights under the NYLL and the NYCCRR to: (1) be paid at least the statutorily-required minimum wage rate for each hour worked; (2) be paid at the statutorily-required overtime rate of pay for each hour worked over forty during a given week;

(3) receive their spread-of-hours pay for each day where they worked over ten hours; (4) receive call-in-pay of either three hours or their usual shift time, whichever is less, for instances in which Plaintiffs and the Rule 23 Plaintiffs were scheduled to work and sent home before working at least three hours; (5) not have their employer take deductions from their wages without their consent; and (6) be furnished with accurate wage statements on each payday.

26.    Plaintiffs and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendant's failure to comply with the NYLL and the NYCCRR, namely, under-compensation due to Defendant's common policies, practices, and patterns of conduct.  Thus, Plaintiffs' claims and/or the Defendant's defenses to those claims are typical of the Rule 23 Plaintiffs' claims and/or Defendant's defenses to those claims.

<u>Adequacy</u>

27.    Plaintiffs worked the same or similar hours as the Rule 23 Plaintiffs throughout their employment with Defendant.   Furthermore, Defendant's treatment of Plaintiffs was substantially-similar, if not identical, to Defendant's treatment of the Rule 23 Plaintiffs. Defendant routinely undercompensated Plaintiffs and the Rule 23 Plaintiffs, failing to pay them at the minimum wage rate of pay for all hours worked, and, in the case of Plaintiff Wilhelmy and the Rule 23 Plaintiffs, overtime compensation for all hours worked over forty during a given week or their spread-of-hours pay for each day when they worked over ten hours.  Furthermore, Defendant: failed to pay Plaintiffs and the Rule 23 Plaintiffs at least three hours' pay during shifts when called into work where Plaintiffs and the Rule 23 Plaintiffs worked fewer than three hours; took a tip credit different from the actual tips paid to Plaintiffs and Rule 23 Plaintiffs, which resulted in Defendant paying Plaintiffs and Rule 23 Plaintiffs under the minimum wage for each hour worked; deducted the costs of purchasing uniform shoes from Plaintiffs' and Rule

23 Plaintiffs' wages without their written consent and without reimbursement; and failed to provide Plaintiffs and the Rule 23 Plaintiffs with accurate wage statements on each payday.

28.     Plaintiffs fully anticipate testifying under oath as to all of the matters raised in this Complaint and as to all matters that may be raised in Defendant's Answer, and also anticipate participating in the discovery process.  Thus, Plaintiffs would properly and adequately represent the current and former employees whom Defendant has similarly mistreated.

29.     In addition, Plaintiffs' attorneys' are qualified, experienced, and able to conduct this litigation.  Plaintiffs' attorneys' practice is concentrated primarily in the field of employment law and they have extensive experience in handling class action lawsuits arising out of employers' violations of the provisions of the NYLL and the NYCCRR at issue in this case.

<u>Superiority</u>

30.     Defendant treated Plaintiffs and the Rule 23 Plaintiffs in a substantially similar manner.  As such, the material facts concerning Plaintiffs' claims are substantially similar, if not identical, to the material facts concerning the Rule 23 Plaintiffs' claims.

31.     Any lawsuit brought by one of Defendant's bartenders, servers, waiters, busboys, or any other member of its wait-staff for Defendant's violations of the NYLL and the NYCCRR would be practically identical to a suit brought by any other employee of Defendant working in one of those positions for the same violation.

32.     Accordingly, a class action lawsuit would be superior to any other method for protecting the Rule 23 Plaintiffs' rights.

**BACKGROUND FACTS**

33.     Defendant operates a popular restaurant chain with nearly 200 locations, eleven of which are located in New York.

34.     From on or around October 26, 2006 through the present, Plaintiff Guglielmo has worked and continues to work as a server in Defendant's Lake Grove restaurant.

35.     Plaintiff Wilhelmy worked in Defendant's Huntington restaurant from October 2007 until January 2012.  Plaintiff Wilhelmy then worked in Defendant's Lake Grove restaurant from January 2012 until November 2012, except for a brief leave of absence from June 2012 through August 2012.

36.     Plaintiff Guglielmo's work schedule varied on a week-to-week basis, but generally consisted of four-to-six shifts per week, with a typical shift lasting five hours.

37.     Plaintiff Wilhelmy's work scheduled also varied on a week-to-week basis, but generally consisted of five-to-six shifts per week, with a typical shift lasting five-to-six hours. Plaintiff Wilhelmy also frequently worked "double" shifts while working in Defendant's Huntington restaurant, meaning he worked shifts ranging from ten-to-twelve hours per day, resulting in him working more than forty hours during many weeks from the start of his employment until January 2012.

38.     Throughout his employment, Defendant paid and continues to pay Plaintiff Guglielmo at a rate of $5.00 per hour for each hour worked as a server.

39.     Throughout his employment, Defendant paid Plaintiff Wilhelmy at a rate of $5.15 per hour for each hour worked as a server, regardless of the location where he worked.

40.     As described below, Defendant subjected Plaintiffs to several unlawful schemes resulting in Defendant paying Plaintiffs less than the statutory minimum wage rate for each hour worked, and in the case of Plaintiff Wilhelmy, failing to pay overtime compensation for all hours worked over forty during a given workweek, or spread-of-hours pay on each day where he worked over ten hours.

**Off-the-Clock Work and Unpaid Overtime**

41.    Defendant regularly requires and required Plaintiffs to perform work off-the-clock for no compensation.   Defendant required and requires Plaintiffs to attend pre-shift "Staff Alignment Meetings" without allowing Plaintiffs to clock in on Defendant's timekeeping system that recorded Plaintiffs' working time.   These meetings typically lasted approximately fifteen minutes at a time.   During these meetings, one of Defendant's on-duty supervisors explained restaurant goals, recurring customer service issues, and daily specials.   Defendant failed to pay Plaintiffs anything whatsoever for this time.   This occurred and occurs before each and every one of Plaintiffs' shifts.

42.    For example, on May 15, 2015, Defendant required Plaintiff Guglielmo to attend, and Plaintiff Guglielmo did attend a Staff Alignment Meeting.   This meeting lasted approximately ten minutes.   However, Defendant failed to pay Plaintiff Guglielmo for his time spent attending this meeting.

43.    In addition, approximately twice per year during every year when Plaintiffs worked for Defendant, Defendant required Plaintiffs to attend a "Menu Rollout Meeting," which typically lasted two-to-three hours.   Defendant prohibited Plaintiffs from punching in during these meetings and failed to pay Plaintiffs anything whatsoever for their time spent attending these mandatory meetings.

44.    For example, Plaintiff Guglielmo attended a "Menu Rollout" meeting during the first week of February 2015.   The meeting lasted approximately three hours.   Defendant failed to pay Plaintiff Guglielmo for his time spent attending this mandatory meeting.

45.    Further, while he was working in the Huntington restaurant, Defendant regularly required Plaintiff Wilhelm

46.     y to work over ten hours in a day and forty in a week, and either clocked Plaintiff Wilhelmy out of work while still working or reduced his hours worked after the fact to avoid paying him spread-of-hours pay and overtime compensation.  This occurred approximately two weeks per month, every month, while Plaintiff Wilhelmy worked at the Huntington restaurant from approximately October 2007 until January 2012.

47.     For example, during the week from May 5, 2010 through May 11, 2010, Defendant required Plaintiff Wilhelmy to work, and Plaintiff Wilhelmy did work forty-eight hours.   However, Defendant failed to pay Plaintiff Wilhelmy at any rate for all hours he worked over forty during that week.

**Unlawful Tip Credit Scheme**

48.     Moreover, Defendant calculated the tip credit claimed against Plaintiffs' wages by forcing Plaintiffs to claim tips that they did not actually receive.   Specifically, Defendant instituted a company-wide policy that required Plaintiffs to claim tip amounts during each shift different from the tips that each Plaintiff actually earned.   This happened on a daily basis for all checks and during all of Plaintiffs' shifts.

49.     If Plaintiffs failed to follow this policy, Defendant would place Plaintiffs on Defendant's "tip short-fall" list, and subject Plaintiffs to discipline by deducting from Plaintiffs' future pay checks the difference between what Plaintiffs claimed as tips and what Defendant determined to be allegedly "missing" tips.

50.     For example, on May 23, 2015, Plaintiff Guglielmo had a total of $767.50 in overall sales for his workday.   To avoid falling on Defendant's tip shortfall list, according to Defendant's policy, Plaintiff Guglielmo would have had to claim tips amounting to eighteen percent of his overall sales, which equals to $138.15, regardless of what his actual tips were that

night.  Plaintiff Guglielmo did not claim his actual tips and instead attempted to comply with Defendant's policy to avoid being disciplined.  This resulted in Defendant attempting to claim a tip credit not based on the tips that Plaintiff Guglielmo actually received, thereby reducing Plaintiff Guglielmo's wages below the statutory minimum wage rate.

**Failure to Pay Call-In Pay**

51.     Defendant often required Plaintiffs to report for duty but sent Plaintiffs home when Defendant determined that there were not enough customers to warrant Plaintiffs working their shifts.  This would occur approximately once every two-to-three months.

52.     When this occurred, Defendant failed to pay Plaintiffs for at least three hours of work at the basic minimum hourly wage.

53.     For example, Defendant required Plaintiff Guglielmo to report for duty for his regularly scheduled shift, which was to be five hours long, and Plaintiff Guglielmo did in fact report for duty, on April 8, 2012.  Defendant sent Plaintiff Guglielmo home after working for approximately two hours.  Defendant only paid Plaintiff at the rate of $5.00 per hour for these two hours.

**Unlawful Deductions**

54.     Not only did Defendant fail to properly pay Plaintiffs, Defendant also unlawfully took deductions for the cost of uniform shoes from Plaintiffs' pay without Plaintiffs' written consent.   Specifically,  approximately  once  every  three-to-six  months,  Defendant  required Plaintiffs to purchase uniform shoes directly through the Defendant.

55.     For example, during the week of July 23, 2014 to July 29, 2014, Defendant required Plaintiff Guglielmo to purchase uniform shoes from the Defendant at the cost of $49.13.

14

56.     Defendant deducted the costs of the required shoes from Plaintiff Guglielmo's check on August 5, 2014.

57.     Plaintiff Guglielmo never signed an agreement to provide for this deduction nor did he authorize Defendant to take the deduction.

58.     Defendant never reimbursed Plaintiff Guglielmo for the costs he incurred when Defendant deducted the costs of these uniform shoes from Plaintiff Guglielmo's pay.

**Failure to Pay Spread of Hours Pay**

59.     Defendant required Plaintiff Wilhelmy to work over ten hours during many work days while failing to pay him an additional hour's pay at the minimum wage rate.

60.     For example, on May 9, 2010, Defendant required Plaintiff Wilhelmy to work, and Plaintiff Wilhelmy did work over ten hours.  Nonetheless, despite working over ten hours that day, Defendant failed to pay Plaintiff Wilhelmy an additional hour's pay at the minimum wage rate.

**Defendant's Failure to Provide Accurate Wage Statements**

61.     Defendant paid Plaintiffs every two weeks.

62.     On each payday, Defendant completely failed to furnish Plaintiffs with statements accurately reflecting the amount of the tip credit that Defendant claimed each week, all of Plaintiffs' hours worked that week, or Plaintiffs' required rate of pay.

**Defendant Treated Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs the Same Way**

63.     Defendant subjected Plaintiffs, FLSA Plaintiffs and Rule 23 Plaintiffs to each of the unlawful practices detailed in this Complaint.

64.     Defendant acted in this manner in an effort to maximize its profits while minimizing labor costs.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANT**
*Unpaid Minimum Wages Under the FLSA*

65.     Plaintiffs and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

66.     29 U.S.C. § 206 requires employers to compensate their employees at a rate not less than the federally-mandated minimum wage for each hour worked.

67.     Defendant is an employer within the meaning of the FLSA while Plaintiffs and FLSA Plaintiffs are employees within the meaning of the FLSA.

68.     Defendant failed to compensate Plaintiffs and FLSA Plaintiffs at the minimum hourly rate of pay for all hours worked in accordance with the FLSA's minimum wage provisions.

69.     Defendant willfully violated the FLSA.

70.     Plaintiffs and FLSA Plaintiffs are entitled to pay at the minimum wage rate for all hours worked each week.

71.     Plaintiffs and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendant's violations of the FLSA's minimum wage provisions.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANT**
*Unpaid Minimum Wages Under the NYLL and the NYCCRR*

72.     Plaintiffs and Rule 23 Plaintiffs repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

73.     NYLL § 652(1) prescribes a minimum wage that employers must pay to their employees for each hour worked.

74.     Defendant is an employer within the meaning of the NYLL and the NYCCRR, while Plaintiffs and Rule 23 Plaintiffs are employees within the meaning of the NYLL and the NYCCRR.

75.     Defendant failed to compensate Plaintiffs and Rule 23 Plaintiffs at the minimum hourly rate of pay for all hours worked in accordance with the NYLL's minimum wage provisions.

76.     Defendant willfully violated the NYLL and the NYCCRR.

77.     Plaintiffs and Rule 23 Plaintiffs are entitled to pay at the minimum wage rate for all hours worked each week.

78.     Plaintiffs and Rule 23 Plaintiffs are also entitled to liquidated damages, interest, and attorneys' fees for Defendant's violations of the NYLL's and NYCCRR's minimum wage provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANT
*Unpaid Overtime Under the NYLL and the NYCCRR*

79.     Plaintiff Wilhelmy and Rule 23 Plaintiffs repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

80.     NYLL § 160 and 12 NYCCRR § 146-1.4 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for any hours worked exceeding forty in a workweek.

81.     Defendant is an employer within the meaning of the NYLL and the NYCCRR, while Plaintiff Wilhelmy and Rule 23 Plaintiffs are employees within the meaning of the NYLL and the NYCCRR.

82.     Plaintiff Wilhelmy and Rule 23 Plaintiffs worked in excess of forty hours in a workweek, yet Defendant failed to compensate Plaintiff and Rule 23 Plaintiffs in accordance with the NYLL's and the NYCCRR's overtime provisions.

83.     Defendant willfully violated the NYLL and the NYCCRR.

84.     Plaintiff Wilhelmy and Rule 23 Plaintiffs are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, whichever is greater.

85.     Plaintiff Wilhelmy and Rule 23 Plaintiffs are also entitled to liquidated damages, interest, and attorneys' fees for Defendant's violations of the NYLL's and NYCCRR's overtime provisions.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT**
*Violation of the NYLL's and the NYCCRR's Spread of Hours Requirement*

86.     Plaintiff Wilhelmy and Rule 23 Plaintiffs repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

87.     NYLL § 652 and 12 NYCCRR § 146-1.6 provide that an employee shall receive one hour's pay at the minimum hourly wage rate for any day worked in which the spread of hours exceeds ten hours.

88.     As described above, Defendant is an employer within the meaning of the NYLL and NYCCRR, while Plaintiff Wilhelmy and Rule 23 Plaintiffs are employees within the meaning of the NYLL and NYCCRR.

89.     Defendant failed to provide Plaintiff Wilhelmy and the Rule 23 Plaintiffs with spread of hours pay when his and Rule 23 Plaintiffs' spread of hours exceeded ten hours for a particular workday.

90.     Defendant willfully violated the NYLL and the NYCCRR.

18

91.     Plaintiff Wilhelmy and Rule 23 Plaintiffs are entitled to this extra hour of pay, at the minimum wage rate, for all days in which they worked in excess of ten hours.

92.     Plaintiff Wilhelmy and Rule 23 Plaintiffs are also entitled to liquidated damages, interest, and attorneys' fees for Defendant's failure to pay the required spread of hours pay.

## FIFTH CLAIM FOR RELIEF AGAINST DEFENDANT
### *Failure to Pay Call-In Pay in Violation of the NYLL and NYCCRR*

93.     Plaintiffs and Rule 23 Plaintiffs repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

94.     NYCCRR § 146-1.5 requires employers to pay employees "call-in pay" for at least three hours of work or for the number of hours in a regularly scheduled shift, whichever is less, who, by request or permission of the employer, report for work on any day, at the minimum wage rate.

95.     Defendant is an employer within the meaning of the NYLL and the NYCCRR, while Plaintiffs and Rule 23 Plaintiffs are employees within the meaning of the NYLL and the NYCCRR.

96.     Defendant failed to compensate Plaintiffs and Rule 23 Plaintiffs for all hours worked in accordance with the NYCCRR § 146-1.5.

97.     Defendant willfully violated the NYLL and the NYCCRR.

98.     As a result, Plaintiffs and Rule 23 Plaintiffs are entitled to recover their actual damages due to Defendant's failure to properly provide them with call-in pay.

99.     In addition, Plaintiffs and Rule 23 Plaintiffs are also entitled to liquidated damages, interest, and attorney's fees for Defendant's unlawful conduct.

## SIXTH CLAIM FOR RELIEF AGAINST DEFENDANT
### *Unlawful Deductions in Violation of the NYLL*

100.   Plaintiffs and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

101.   NYLL § 193 prohibits employers from making certain deductions from employees' wages without their written consent.

102.   Defendant is an employer within the meaning of the NYLL and the NYCCRR, while Plaintiffs and Rule 23 Plaintiffs are employees within the meaning of the NYLL and the NYCCRR.

103.   Defendant required Plaintiffs and Rule 23 Plaintiffs to purchase uniform shoes directly from Defendant, unlawfully deducting the costs from Plaintiffs and the Rule 23 Plaintiffs' wages without written consent or reimbursement.

104.   As a result, Plaintiffs and Rule 23 Plaintiffs are entitled to recover their actual damages due to Defendant's unlawful deductions taken from their wages.

105.   In addition, Plaintiffs and Rule 23 Plaintiffs are also entitled to liquidated damages, interest, and attorney's fees for Defendant's unlawful conduct.

## SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANT
### *Failure to Furnish Proper Wage Statements in Violation of the NYLL*

106.   Plaintiffs and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

107.   NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

108.    Defendant is an employer within the meaning of the NYLL and the NYCCRR, while Plaintiffs and Rule 23 Plaintiffs are employees within the meaning of the NYLL and the NYCCRR.

109.    Defendant willfully failed to furnish Plaintiffs and Rule 23 Plaintiffs with accurate wage statements on each payday containing the criteria required by the NYLL.

110.    Pursuant to NYLL § 198(1-d), Defendant is liable to Plaintiffs and Rule 23 Plaintiffs in the statutorily-prescribed amount for each failure of this sort up to the statutory maximum.

111.    In addition, Plaintiffs and Rule 23 Plaintiffs are also entitled to recover their attorney's fees for Defendant's unlawful conduct.

## DEMAND FOR A JURY TRIAL

112.    Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendant as follows:

a.      A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b.      Preliminary and permanent injunctions against Defendant and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.      An order restraining Defendant from any retaliation against any individual for participating in this lawsuit in any form;

d.      Designation of this action as an FLSA collective action on behalf of Plaintiffs and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e.      Certification of the claims brought in this case under the NYLL as a class action pursuant to FRCP 23;

f.      All damages that Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendant's conduct, including all unpaid wages and any shortfall between wages paid and those due under the law that Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendant's unlawful payment practices;

g.      Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

h.      Awarding Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorney's fees, expert witness fees and other costs, and an award of a service payment to Plaintiffs;

i.      Designation of Plaintiffs and their counsel as class/collective action representatives under the FLSA and the FRCP;

j.      Pre-judgment and post-judgment interest, as provided by law;

       k.      Granting Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs other and further relief

as this Court finds necessary and proper.

Dated: May 28, 2015
        Great Neck, New York

                            Respectfully submitted,

                            BORRELLI & ASSOCIATES, P.L.L.C.
                            *Attorneys for Plaintiff*
                            1010 Northern Boulevard, Suite 328
                            Great Neck, New York 11021
                            Tel. (516) 248-5550
                            Fax. (516) 248-6027

                            _____
                            MICHAEL R. MINKOFF, ESQ (MM 4787)
                            ALEXANDER T. COLEMAN, ESQ (AC 8151)
                            MICHAEL J. BORRELLI, ESQ (MB 8533)