Law Offices
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, New York  10178
(212) 309-6000 (Telephone)
(212) 309-6001 (Fax)
Attorneys for The Cheesecake Factory Restaurants, Inc.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

JOHN GUGLIELMO and CRAIG WILHELMY,
on behalf of themselves, individually, and on
behalf of all others similarly situated,

<em>Plaintiffs,</em>

v.                                                                    2:15-cv-03117-ADS

THE CHEESECAKE FACTORY
RESTAURANTS, INC.

<em>Defendants.</em>

---

**DEFENDANT THE CHEESECAKE FACTORY RESTAURANTS, INC.'S ANSWER**
**AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**

Defendant The Cheesecake Factory Restaurants, Inc. ("Defendant", "CCF", or the "Company"), by and through its attorneys, Morgan, Lewis & Bockius LLP, hereby answers Plaintiffs John Guglielmo and Craig Wilhelmy's ("Plaintiffs") Complaint (the "Complaint") in accordance with the numbered Paragraphs thereof as set forth below.  Defendant further avers that Plaintiffs' seriatim allegation of being similarly situated to others and that this matter can proceed on a class basis constitutes a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies that Plaintiffs are similarly situated to anyone and denies that this matter may proceed on a class basis.  Without repeating it in each instance, Defendant intends for this position to apply in each instance in which Plaintiffs allege that they are similarly situated to anyone or that the matter can proceed on a class basis.

## NATURE OF CASE

1.      Defendant avers that the allegations set forth in Paragraph 1 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 1 of the Complaint, including that it violated any law, rule or regulation.

2.      Certain of the allegations set forth in Paragraph 2 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant admits only that it is a nationwide restaurant chain that owns and operates 11 restaurants in New York and that Plaintiffs each worked as a server in either the Lake Grove or Huntington restaurants within the 6 years prior to the filing of the Complaint.  Defendant denies the remaining allegations set forth in Paragraph 2 of the Complaint, including that it violated any law, rule or regulation.

3.      Defendant avers that the allegations set forth in Paragraph 3 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies any remaining allegations set forth in Paragraph 3 of the Complaint, including that it violated any law, rule or regulation.

4.      Defendant denies the allegations set forth in Paragraph 4 of the Complaint.

5.      Defendant denies the allegations set forth in Paragraph 5 of the Complaint.

6.      Defendant denies the allegations set forth in Paragraph 6 of the Complaint.

7.      Defendant denies the allegations set forth in Paragraph 7 of the Complaint.

8.      Defendant avers that the allegations set forth in Paragraph 8 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is

required, Defendant denies that it violated the FLSA and that a collective action is appropriate in this case.

9.      Defendant avers that certain of the allegations set forth in Paragraph 9 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants expressly deny that this action may proceed on a class or collective basis and deny any remaining allegations set forth in Paragraph 9 of the Complaint.

## JURISDICTION AND VENUE

10.      Defendant avers that the allegations set forth in Paragraph 10 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff purports to invoke the Court's supplemental jurisdiction and denies any remaining allegations set forth in Paragraph 10 of the Complaint.

11.      Defendant avers that the allegations set forth in Paragraph 11 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff purports to invoke venue in this district and denies any remaining allegations set forth in Paragraph 10 of the Complaint.

## PARTIES

12.      Defendant avers that certain of the allegations set forth in Paragraph 12 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant lacks sufficient information to confirm or deny Plaintiff Guglielmo's residency, admits that Guglielmo was an employee, and denies the remaining allegations set forth in Paragraph 12 of the Complaint.

13.      Defendant avers that certain of the allegations set forth in Paragraph 12 of the Complaint constitute conclusions of law to which no response is required.  To the extent a

3

response is required, Defendant lacks sufficient information to confirm or deny Plaintiff

Wilhelmy's residency, admits that Wilhelmy was an employee, and denies the remaining

allegations set forth in Paragraph 13 of the Complaint.

14.     Defendant admits the allegations set forth in Paragraph 14 of the Complaint.

15.     Defendant avers that certain of the allegations set forth in Paragraph 15 of the

Complaint constitute conclusions of law to which no response is required.  To the extent a

response is required, Defendant admits only that its annual revenue exceeds $500,000, that it

operates restaurants in numerous states and that it is engaged in interstate commerce

## COLLECTIVE ACTION ALLEGATIONS

16.     Defendant avers that certain of the allegations set forth in Paragraph 16 of the

Complaint constitute conclusions of law to which no response is required.  To the extent a

response is required, Defendant lacks sufficient information to confirm or deny why Plaintiffs

sought to bring this suit and expressly deny that this action may proceed on a class or collective

basis.

17.     Defendant denies the allegations set forth in Paragraph 17 of the Complaint.

18.     Defendant denies the allegations set forth in paragraph 18 of the Complaint.

19.     Defendant avers that certain of the allegations set forth in Paragraph 19 of the

Complaint constitute conclusions of law to which no response is required.  To the extent a

response is required, Defendant denies any remaining allegations set forth in Paragraph 19 of the

Complaint.

## RULE 23 CLASS ALLEGATIONS

20.     Defendant avers that certain of the allegations set forth in Paragraph 20 of the

Complaint constitute conclusions of law to which no response is required.  To the extent a

response is required, Defendants expressly deny that this action may proceed on a class or collective basis and deny any remaining allegations set forth in Paragraph 20 of the Complaint.

21.     Defendant avers that the allegations set forth in Paragraph 21 of the Complaint constitute conclusions of law to which no response is required.

22.     Defendant avers that certain of the allegations set forth in Paragraph 22 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants expressly deny that this action may proceed on a class or collective basis and deny any remaining allegations set forth in Paragraph 22 of the Complaint.

23.     Defendant avers that certain of the allegations set forth in Paragraph 23 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant admits only that it has employed at least forty individuals over the previous six years.

24.     Defendant avers that certain of the allegations set forth in Paragraph 24 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies any remaining allegations set forth in Paragraph 24.

25.     Defendant avers that certain of the allegations set forth in Paragraph 25 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies any remaining allegations set forth in Paragraph 25.

26.     Defendant avers that the allegations set forth in Paragraph 26 of the Complaint constitute conclusions of law to which no response is required.

27.     Defendant avers that certain of the allegations set forth in Paragraph 27 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies any remaining allegations set forth in Paragraph 27.

28.     Defendant avers that certain of the allegations set forth in Paragraph 28 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant lacks information sufficient to admit or deny what Plaintiffs anticipate testifying to and denies any remaining allegations set forth in Paragraph 28.

29.     Defendant avers that the allegations set forth in Paragraph 29 of the Complaint constitute conclusions of law to which no response is required.

30.     Defendant avers that the allegations set forth in Paragraph 30 of the Complaint constitute conclusions of law to which no response is required.

31.     Defendant avers that certain of the allegations set forth in Paragraph 31 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant lacks information sufficient to admit or deny the contents of any potential future lawsuit.

32.     Defendant avers that the allegations set forth in Paragraph 32 of the Complaint constitute conclusions of law to which no response is required.

**BACKGROUND FACTS**

33.     Defendants admit the allegations set forth in Paragraph 33 of the Complaint.

34.     Defendant admits only that Plaintiff Guglielmo worked as a server in Defendant's Lake Grove Restaurant from on or around October 26, 2006 through on or around June 24, 2015. To the extent there are any remaining allegations set forth in Paragraph 34 of the Complaint, those allegations are denied.

35.     Defendant admits the allegations set forth in Paragraph 35 of the Complaint.

36.     Defendant admits only that Plaintiff Guglielmo worked varying schedules on a week-to-week basis and denies any remaining allegations set forth in Paragraph 36 of the Complaint.

37.     Defendant admits only that Plaintiff Wilhelmy worked varying scheduled on a week-to-week basis and denies any remaining allegations set forth in Paragraph 37 of the Complaint.

38.     Defendant denies the allegations contained in Paragraph 38 of the Complaint except to admit that Plaintiff Guglielmo was paid a base rate of at least $5.00 per hour for all hours worked for Defendant, and to further aver that he was paid additional compensation in addition to his base rate of pay.

39.     Defendant denies the allegations contained in Paragraph 398 of the Complaint except to admit that Plaintiff Wilhelmy was paid a base rate of at least $5.15 per hour for all hours worked for Defendant, and to further aver that he was paid additional compensation in addition to his base rate of pay.

40.     Defendant avers that certain of the allegations set forth in Paragraph 40 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies any remaining allegations set forth in Paragraph 40.

41.     Defendant avers that certain of the allegations set forth in Paragraph 41 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies any remaining allegations set forth in Paragraph 41.

42.     Except to admit that Plaintiff Guglielmo was paid for all hours of work that he recorded and reported, including attendance at any mandatory meetings, Defendant avers that it

lacks information sufficient to admit or deny the length of the meeting Plaintiff purportedly attended and denies any remaining allegations set forth in Paragraph 42 of the Complaint.

43.     Except to admit that Plaintiffs were paid for all hours of work that they recorded and reported, including attendance at mandatory meetings, Defendant avers that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 43 of the Complaint.

44.     Except to admit that Plaintiff Guglielmo was paid for all hours of work that he recorded and reported, including attendance at any mandatory meetings, Defendant avers that it lacks information sufficient to admit or deny the length of the meeting Plaintiff purportedly attended and denies any remaining allegations set forth in Paragraph 44 of the Complaint.

45.     Defendant avers that certain of the allegations set forth in Paragraphs 45 and 46 (which appear to be split into separate paragraphs in error) are legal conclusions to which no response is required.  To the extent a response is required, Defendant admits only that Plaintiff Wilhelmy was paid for all hours of work that he recorded and reported, including applicable spread-of-hours pay and overtime compensation, and denies any remaining allegations set forth in Paragraphs 45 and 46.

46.     Defendant avers that certain of the allegations set forth in Paragraphs 45 and 46 (which appear to be split into separate paragraphs in error) are legal conclusions to which no response is required.  To the extent a response is required, Defendant admits only that Plaintiff Wilhelmy was paid for all hours of work that he recorded and reported, including applicable spread-of-hours pay and overtime compensation, and denies any remaining allegations set forth in Paragraphs 45 and 46.

47.     Defendant denies the allegations set forth in Paragraph 47 of the Complaint.

48.    Defendant denies the allegations set forth in Paragraph 48 of the Complaint.

49.    Defendant admits only that Plaintiffs who failed to properly record and report tips were subject to discipline and denies any remaining allegations set forth in Paragraph 49.

50.    Certain of the allegations contained in Paragraph 50 contain legal conclusions to which no response is required.  As to any remaining allegations, Defendant avers that it lacks sufficient information to confirm or deny if and why Plaintiff Guglielmo chose not to accurately claim his tips in accordance with Company policy and denies any remaining allegations set forth in Paragraph 50 of the Complaint.

51.    Defendant denies the allegations set forth in Paragraph 51 of the Complaint.

52.    Defendant denies the allegations set forth in Paragraph 52 of the Complaint.

53.    Except to admit that Plaintiff Guglielmo was paid for all hours worked in accordance with all applicable laws, and to aver that Defendant is without sufficient information to form a belief as to the truth of the allegations concerning why Guglielmo departed work early on April 8, 2012, Defendant denies any remaining allegations set forth in Paragraph 53 of the Complaint.

54.    Defendant avers that certain of the allegations set forth in Paragraph 54 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies any remaining allegations set forth in Paragraph 54 of the Complaint.

55.    Defendant denies the allegations set forth in Paragraph 55 of the Complaint.

56.    Defendant denies the allegations set forth in Paragraph 56 of the Complaint.

57.    Defendant denies the allegations set forth in Paragraph 57 of the Complaint.

58.     Defendant expressly denies that Plaintiff Guglielmo was at any point entitled to reimbursement for any alleged deduction and denies any remaining allegations set forth in Paragraph 58 of the Complaint.

59.     Defendant denies the allegations set forth in Paragraph 59 of the Complaint.

60.     Defendant denies the allegations set forth in Paragraph 60 of the Complaint.

61.     Defendant admits the allegations set forth in Paragraph 61 of the Complaint.

62.     Defendant denies the allegations set forth in Paragraph 62 of the Complaint.

63.     Defendant avers that the allegations set forth in Paragraph 63 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies any remaining allegations set forth in Paragraph 63 of the Complaint.

64.     Defendant denies the allegations set forth in Paragraph 64 of the Complaint.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANT
*Unpaid Minimum Wages Under the FLSA*

65.     Defendant repeats and realleges its responses to the allegations set forth in Paragraphs 1 through 64 of the Complaint with the same force and effect as if fully set forth herein.

66.     Defendant avers that the allegations set forth in Paragraph 66 of the Complaint constitute conclusions of law to which no response is required.

67.     Defendant avers that the allegations set forth in Paragraph 67 of the Complaint constitute conclusions of law to which no response is required.

68.     Defendant avers that certain of the allegations set forth in Paragraph 68 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies any remaining allegations set forth in Paragraph 68 of the Complaint.

69.     Defendant avers that the allegations set forth in Paragraph 69 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies any remaining allegations set forth in Paragraph 69 of the Complaint.

70.     Defendant avers that the allegations set forth in Paragraph 70 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies any remaining allegations set forth in Paragraph 70 of the Complaint.

71.     Defendant avers that the allegations set forth in Paragraph 71 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies any remaining allegations set forth in Paragraph 71 of the Complaint.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANT
*Unpaid Minimum Wages Under the NYLL and the NYCCRR*

72.     Defendant repeats and realleges its responses to the allegations set forth in Paragraphs 1 through 71 of the Complaint with the same force and effect as if fully set forth herein.

73.     Defendant avers that the allegations set forth in Paragraph 73 of the Complaint constitute conclusions of law to which no response is required.

74.     Defendant avers that the allegations set forth in Paragraph 74 of the Complaint constitute conclusions of law to which no response is required.

75.     Defendant avers that the allegations set forth in Paragraph 75 of the Complaint constitute conclusions of law to which no response is required.  Defendant denies the allegations set forth in Paragraph 75 of the Complaint.

76.     Defendant avers that the allegations set forth in Paragraph 76 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 76 of the Complaint.

77.     Defendant avers that certain of the allegations set forth in Paragraph 77 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies any remaining allegations set forth in Paragraph 77 of the Complaint.

78.     Defendant avers that certain of the allegations set forth in Paragraph 78 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies any remaining allegations set forth in Paragraph 78 of the Complaint.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANT
*Unpaid Overtime Under the NYLL and the NYCCRR*

79.     Defendant repeats and realleges its responses to the allegations set forth in Paragraphs 1 through 79 of the Complaint with the same force and effect as if fully set forth herein.

80.     Defendant avers that the allegations set forth in Paragraph 80 of the Complaint constitute conclusions of law to which no response is required.

81.     Defendant avers that the allegations set forth in Paragraph 81 of the Complaint constitute conclusions of law to which no response is required.

82.     Defendant avers that certain of the allegations set forth in Paragraph 80 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff Wilhelmy may have worked in excess of forty hours in a workweek and denies any remaining allegations set forth in Paragraph 82 of the Complaint.

83.     Defendant avers that the allegations set forth in Paragraph 83 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 83 of the Complaint.

84.     Defendant avers that certain of the allegations set forth in Paragraph 84 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies any remaining allegations set forth in Paragraph 84 of the Complaint.

85.     Defendant avers that certain of the allegations set forth in Paragraph 84 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies any remaining allegations set forth in Paragraph 85 of the Complaint.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT**
*Violation of the NYLL's and the NYCCRR's Spread of Hours Requirement*

86.     Defendant repeats and realleges its responses to the allegations set forth in Paragraphs 1 through 85 of the Complaint with the same force and effect as if fully set forth herein.

87.     Defendant avers that the allegations set forth in Paragraph 87 of the Complaint constitute conclusions of law to which no response is required.

88.     Defendant avers that the allegations set forth in Paragraph 88 of the Complaint constitute conclusions of law to which no response is required.

89.     Defendant avers that the allegations set forth in Paragraph 89 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 89 of the Complaint.

90.     Defendant avers that the allegations set forth in Paragraph 90 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 90 of the Complaint.

91.     Defendant avers that certain of the allegations set forth in Paragraph 91 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies any remaining allegations set forth in Paragraph 91 of the Complaint.

92.     Defendant avers that certain of the allegations set forth in Paragraph 92 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies any remaining allegations set forth in Paragraph 92 of the Complaint.

**FIFTH CLAIM FOR RELIEF AGAINST DEFENDANT**
*Failure to Pay Call-In Pay in Violation of the NYLL and NYCCRR*

93.     Defendant repeats and realleges its responses to the allegations set forth in Paragraphs 1 through 92 of the Complaint with the same force and effect as if fully set forth herein.

94.     Defendant avers that the allegations set forth in Paragraph 94 of the Complaint constitute conclusions of law to which no response is required.

95.     Defendant avers that the allegations set forth in Paragraph 95 of the Complaint constitute conclusions of law to which no response is required.

96.     Defendant avers that the allegations set forth in Paragraph 96 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 96 of the Complaint.

97.     Defendant avers that the allegations set forth in Paragraph 97 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 97 of the Complaint.

98.     Defendant avers that certain of the allegations set forth in Paragraph 98 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies any remaining allegations set forth in Paragraph 98 of the Complaint.

99.     Defendant avers that certain of the allegations set forth in Paragraph 99 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies any remaining allegations set forth in Paragraph 99 of the Complaint.

**SIXTH CLAIM FOR RELIEF AGAINST DEFENDANT**
*Unlawful Deductions in Violation of the NYLL*

100.     Defendant repeats and realleges its responses to the allegations set forth in Paragraphs 1 through 99 of the Complaint with the same force and effect as if fully set forth herein.

101.     Defendant avers that the allegations set forth in Paragraph 101 of the Complaint constitute conclusions of law to which no response is required.

102.     Defendant avers that the allegations set forth in Paragraph 102 of the Complaint constitute conclusions of law to which no response is required.

103.     Defendant avers that the allegations set forth in Paragraph 103 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 103 of the Complaint.

104.    Defendant avers that the allegations set forth in Paragraph 104 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 104 of the Complaint.

105.    Defendant avers that certain of the allegations set forth in Paragraph 105 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant expressly denies that this case can proceed on a class basis and denies any remaining allegations set forth in Paragraph 105 of the Complaint.

### SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANT
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

106.    Defendant repeats and realleges its responses to the allegations set forth in Paragraphs 1 through 105 of the Complaint with the same force and effect as if fully set forth herein.

107.    Defendant avers that the allegations set forth in Paragraph 107 of the Complaint constitute conclusions of law to which no response is required.

108.    Defendant avers that the allegations set forth in Paragraph 108 of the Complaint constitute conclusions of law to which no response is required.

109.    Defendant avers that the allegations set forth in Paragraph 109 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 109 of the Complaint.

110.    Defendant avers the allegations set forth in Paragraph 110 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies any remaining allegations set forth in Paragraph 110 of the Complaint.

111.    Defendant avers that certain of the allegations set forth in Paragraph 111 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies any remaining allegations set forth in Paragraph 111 of the Complaint.

## PRAYER FOR RELIEF

Defendant denies all the allegations and assertions contained in Plaintiffs' Prayer for Relief and denies that Plaintiffs or those they seek to represent are entitled to any relief of any kind whatsoever, including any of the relief sought in Paragraphs (a) – (k) of the Prayer for Relief.

## GENERAL DENIAL

Defendant denies each and every allegation contained in the Complaint that is not specifically admitted herein.

## DEFENSES

Defendant asserts the following defenses without conceding that Defendant bears the burden of proof as to any of the following defenses.  Defendant reserves the right to assert such additional defenses that may appear and prove applicable during the course of this litigation.

## FIRST DEFENSE

Plaintiffs have failed, in whole or in part, to state a claim upon which relief can be granted.

## SECOND DEFENSE

If Defendant is found to have failed to pay Plaintiffs or any putative member of the class whom they purport to represent any wages owed, which Defendant expressly denies, Defendant nevertheless had no actual or constructive notice of any violation.

**THIRD DEFENSE**

Any actions taken or omitted by Defendant were in good faith conformity with administrative regulations and/or guidance and/or interpretations issued by the U.S. Department of Labor and/or the New York State Department of Labor.

**FOURTH DEFENSE**

Plaintiffs' claims, and those of the members of the putative class whom they purport to represent, are barred in whole or in part by applicable statutes of limitation.

**FIFTH DEFENSE**

Plaintiffs' claims, and those of the members of the putative class whom they purport to represent, are barred in whole or in part by the equitable doctrines of unclean hands, unjust enrichment, laches, offset and/or set off and/or estoppel.

**SIXTH DEFENSE**

Plaintiffs' claims, and those of the members of the putative class whom they purport to represent, are barred in whole or in part because they have not suffered any injury or damage as a result of any actions allegedly taken by Defendant.

**SEVENTH DEFENSE**

Plaintiffs' claims, and those of the members of the putative class whom they purport to represent, are barred in whole or in part because the Complaint is uncertain in that the purported class/collective definition, set forth in Paragraphs 16 and 22, is ambiguous and conclusory.

**EIGHTH DEFENSE**

If this Court were to certify this action as a representative action, any award of liquidated, multiple, or punitive damages would deny Defendant the due process of law.

## NINTH DEFENSE

To the extent Plaintiffs and members of the putative class whom they purports to represent suffered injury, which Defendant expressly denies, subject to proof through discovery, any such injury is the result of acts or omissions of such individuals and/or other parties, and not any act or omission of Defendant.

## TENTH DEFENSE

Plaintiffs' claims, and those of the members of the putative class whom they purport to represent, are barred in whole or in part to the extent that these individuals have affirmatively released, waived, or abandoned all or some of the claims raised in the Complaint.

## ELEVENTH DEFENSE

Plaintiffs are not entitled to certification of this action as a collective action pursuant to Section 216(b) of the FLSA because Plaintiffs and the purported class members they seek to represent are not similarly situated to one another, Plaintiffs' claims require individualized inquiries, and/or proof of damages would require separate trials.

## TWELFTH DEFENSE

Plaintiffs are inadequate and atypical representatives of the class they purport to represent and Plaintiffs' interests are in conflict with those of the individuals they seek to represent.

## THIRTEENTH DEFENSE

Plaintiffs' claims to minimum wage payments, and those of the members of the putative class whom they purport to represent, are barred, in whole or in part by the provisions of 29 U.S.C. §206(g) and 29 C.F.R. §786.300.

## FOURTEENTH DEFENSE

To the extent Defendant is found liable for any "spread of hours" pay violations, which it should not be, any award of penalties pursuant to this claim would be an excessive and impermissible fine to the extent the wage order promulgating New York's "spread of hours" requirements is not binding, unconstitutional and/or preempted by federal law.

## FIFTEENTH DEFENSE

Certain claims of the members of the putative class Plaintiffs purport to represent may not be litigated in court because some or all of those individuals' causes of action are subject to individual mandatory, final and binding arbitration and because they have waived their right to proceed in court.

## SIXTEENTH DEFENSE

Plaintiffs' claims, and those of the members of the putative class whom they purports to represent, are barred to the extent that these individuals are/were exempt from any entitlement to wages under the FLSA and/or the New York Labor Law as non-employees and/or pursuant to applicable exemptions, including but not limited to the learned professional, creative professional, executive, and administrative exemptions.

## SEVENTEENTH DEFENSE

Plaintiffs' claims, and those of the members of the putative class whom they purport to represent, are barred to the extent they concern hours during which these individuals were engaged in activities that were preliminary or subsequent to their alleged work activities.

## EIGHTEENTH DEFENSE

Plaintiffs' claims, and those of the members of the putative class whom they purport to represent, are barred in whole or in part to the extent Defendant lacked actual or constructive knowledge of the hours allegedly worked.

## NINETEENTH DEFENSE

Plaintiffs' claims for damages, and those of the members of the putative class whom they purports to represent, must be offset in whole or in part by amounts already collected by Plaintiffs and/or owing to and damages suffered by Defendant.

## TWENTIETH DEFENSE

To the extent that Plaintiffs are subject to internal and/or administrative remedies, their claims, and those of the members of the putative class whom they purport to represent, are barred to the extent that they failed to exhaust these internal and/or administrative remedies.

## TWENTY-FIRST DEFENSE

If Defendant's alleged failure to pay requisite wages, provide notice and wage statements, and take lawful deductions is determined to be unlawful, although such is not admitted, none of Defendant's acts or omissions constitute willful violation of the FLSA or NYLL.

## TWENTY-SECOND DEFENSE

If Defendant's alleged failure to pay requisite wages, provide notice and wage statements, and take lawful deductions  is determined to be was unlawful, although such is not admitted, neither Plaintiffs nor members of the putative class they seek to represent can demonstrate facts sufficient to warrant an award of liquidated damages.

## TWENTY-THIRD DEFENSE

Plaintiffs' claims, and those of the putative class they purport to represent, are barred in whole or in part by the doctrines of accord and satisfaction, and payment.

## TWENTY-FOURTH DEFENSE

Plaintiffs' NYLL claims are barred for lack of supplemental and pendent jurisdiction.

## TWENTY-FIFTH DEFENSE

Plaintiffs' claims, and those of the members of the putative class whom they purport to represent, are barred in whole or in part by Plaintiffs' knowing and voluntary agreement to and participation in the compensation agreements which they now claim are illegal.

## TWENTY-SIXTH DEFENSE

An award of civil penalties under the circumstances of this case would constitute an excessive fine and otherwise would be in violation of Defendant's due process and other rights under the United States Constitution.

## TWENTY-SEVENTH DEFENSE

An award of civil penalties under the New York Labor Law would impose an excessive and impermissible fine to the extent the New York overtime regulations are unconstitutional and preempted by federal law.


**WHEREFORE**, Defendant, respectfully requests that the Complaint be dismissed in its entirety, with prejudice, and that the Court award Defendant the cost of its defense, including reasonable attorneys' fees, and such other relief as the Court deems appropriate.

Dated:  September 8, 2015             MORGAN, LEWIS & BOCKIUS LLP
        New York, New York

                                      By:  /s/ Christopher A. Parlo_____
                                      Sam S. Shaulson
                                      Christopher A. Parlo
                                      Leni D. Battaglia

                                      101 Park Avenue
                                      New York, New York  10178
                                      Telephone: 212.309.6000
                                      Facsimile: 212.309.6001

                                      *Attorneys for Defendant The
                                      Cheesecake Factory Restaurants, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I, Christopher A. Parlo, hereby certify that on this 8th day of September, 2015, a true and correct copy of Defendant The Cheesecake Factory Restaurants, Inc.'s Answer and Affirmative Defenses to Plaintiff's Complaint was served via CM/ECF upon all counsel of record.

<u>/s/Christopher A. Parlo</u>
Christopher A. Parlo

DB1/ 84568087.4