# EXHIBIT 1

CFRI Staff Member Arbitration Agreement
Revised April 2013

# MUTUAL AGREEMENT TO ARBITRATE CLAIMS

This Mutual Agreement to Arbitrate Claims (the "Agreement") dated 11/1/2013, is made by and between The Cheesecake Factory Restaurants, Inc., a California corporation and its parents, subsidiaries and affiliated entities ("the Company") and (insert Staff Member's Name): Thomas J Hotyka in consideration of the mutual promises contained within this Agreement. Any reference in this Agreement to "I" or "me" or "my" shall mean the Staff Member identified above and any reference in this Agreement to the "Company" shall mean The Cheesecake Factory Restaurants, Inc., and all of its parents, subsidiaries and affiliated entities. The Company and I are sometimes referred to as the "Party" or "Parties."

## Agreement to Arbitrate Disputes

The Company and I recognize that differences may arise during, between, or following my employment with the Company. The Company and I agree and understand that by entering into this Agreement, the Company and I anticipate gaining the benefits of a speedy, impartial dispute-resolution procedure if either Party determines that the Company's internal procedures for handling claims (including without limitation, for example, reporting claims to management, the Careline and/or the Company's staff relations department) have not resulted in a mutually acceptable resolution of the dispute. The Company and I agree to all of the following terms and conditions.

## Applicability of the Federal Arbitration Act

The Company and I agree that the arbitration and this Agreement shall be controlled and governed by the Federal Arbitration Act ("FAA") and acknowledge that the Company's business and the nature of my employment affect interstate commerce. This Agreement evidences a transaction in interstate commerce, and thus the FAA governs the interpretation and enforcement of this Agreement.

## Final and Binding Arbitration

The Company and I understand and agree that the arbitration of disputes and claims under this Agreement shall be in lieu of a court trial before a judge and/or a jury. **The Company and I understand and agree that, by signing this Agreement, we are expressly waiving any and all rights to a trial before a judge and/or a jury regarding any disputes and claims which we now have or which we may in the future have that are subject to arbitration under this Agreement.** We also understand and agree that the arbitrator's decision will be final and binding on both Parties, subject to confirmation and review on the grounds set forth in the FAA.

## Claims Covered by the Agreement

The Company and I agree to arbitrate before a neutral arbitrator any and all disputes or claims between the Company and me that arise out of or relate to my recruitment, employment or separation from employment with the Company (currently existing or which may arise in the future), including claims involving and/or against any current or former officer, director, shareholder, agent or employee of the Company, and/or against any current or former Company benefit plan sponsors, fiduciary or administrator, whether the disputes or claims arise under common law, in tort, in contract, or pursuant to a statute, regulation, or ordinance now in existence or which may in the future be enacted or recognized, including, but not limited to, the following claims:

Page 1 of 6

CFRI Staff Member Arbitration Agreement
Revised April 2013

- claims for wrongful termination of employment, retaliation, violation of public policy, constructive discharge, infliction of emotional distress, misrepresentation, discrimination, negligence, interference with contract or prospective economic advantage, defamation, unfair business practices, and any other tort or tort-like causes of action relating to or arising from the employment relationship or the formation or termination thereof;

- claims for fraud, promissory estoppel, fraudulent inducement of contract, or breach of contract or contractual obligation, whether such alleged contract be oral, written, express or implied by fact/law;

- claims under any and all federal, state, or municipal statutes, regulations, or ordinances, including but not limited to laws that prohibit discrimination, harassment, or retaliation in employment (for example, those related to or based upon but not limited to, a person's race, sex, religion, national origin, age, marital status, medical condition, disability or being in another protected class) such as but not limited to Title VII of the Civil Rights Act of 1964, the Civil Rights Acts of 1866 and 1991, the Age Discrimination in Employment Act of 1967, the Older Workers Benefit Protection Act of 1990, the Rehabilitation Act of 1973, the Americans with Disabilities Act of 1990, the Family and Medical Leave Act of 1993, Section 1981 of the Civil Rights Act, the Worker Adjustment and Retraining Notification Act, and the Sarbanes-Oxley Act of 2002 and/or any state or local fair employment or right to leave laws;

- claims for wages or other compensation or benefits and/or for payments, penalties, interest, and/or liquidated damages related thereto (including, but not limited to claims for non-payment, under-payment, or incorrect payment of wages, overtime, commissions, bonuses, severance, employee fringe benefits, stock options, payments for missed breaks, payments for late final pay, payments relating to itemized wage statements, associated penalties and the like) whether such claims are pursuant to alleged express or implied contract or obligation, equity, or any federal, state, or municipal laws concerning wages, compensation or employee benefits including but not limited to claims under the Fair Labor Standards Act of 1938, the Equal Pay Act of 1963, and other applicable federal, state and municipal statutes, regulations or ordinances.

- claims under or against or involving any Company benefit plan, including without limitation any medical, dental, 401(k), or deferred compensation benefit plan, except where such benefit plan has its own arbitration procedure applicable to such claim or claims, and if such is the case, such claim or claims shall be arbitrated under the arbitration procedures set forth in the particular benefit plan at issue.

However, nothing herein shall prevent either Party from participating in an investigation conducted by any appropriate administrative agency and nothing herein shall prevent either Party from filing a charge or complaint or claim with any appropriate administrative agency if applicable laws permit access to such an agency notwithstanding the execution of an agreement to arbitrate. Although, I agree and understand, insofar as permitted by law, that I cannot obtain any personal monetary recovery for myself from any such administrative proceeding.

CFRI Staff Member Arbitration Agreement
Revised April 2013

## Claims Not Covered

Notwithstanding the above, the Company and I agree that disputes and claims for workers' compensation benefits, unemployment insurance and/or state or federal disability insurance are not covered by this Agreement and shall therefore be resolved in any appropriate forum as required by the laws then in effect.

Claims may be brought before an administrative agency if applicable laws permit access to such an agency notwithstanding the existence of an agreement to arbitrate. Such administrative claims include without limitation, claims or charges or complaints brought before the Equal Employment Opportunity Commission, a state or local fair employment agency, the National Labor Relations Board, or a state or federal occupational safety and health agency.

Nothing in this Agreement shall be deemed to preclude or excuse either Party from bringing a timely administrative claim against the proper party, entity or individual before the appropriate agency in order to fulfill that Party's obligation to exhaust administrative remedies before making a claim in arbitration.

The Company and I understand and agree that any demand for arbitration by either Party shall be filed within the statute of limitation that is applicable to the claim(s) upon which arbitration is sought or required.

## Required Notice of All Claims and Statute of Limitations

The Company and I agree that the aggrieved Party must serve a formal written demand for arbitration, containing all factual bases of any claim, to the other Party within the time limit established by the applicable statute or limitations for the asserted claim(s) or within one (1) year of the date the aggrieved Party first knows or should have known of the event giving rise to the claim(s) if no statutory limitation is applicable. The written demand shall identify and describe the nature of all claims asserted and the facts upon which such claims are based.

Any demand for arbitration served on the Company must be given by written notice to General Counsel, The Cheesecake Factory Incorporated, 26901 Malibu Hills Road, Calabasas Hills, California 91301 (or the Company's then current corporate address). Any demand for arbitration served on me must be given by written notice to the last address recorded for me in the Company's employee information files. The demand shall be sent to the other Party by certified or registered mail, return receipt requested.

## Waiver of Right to File Class, Collective, or Representative Actions

The Company and I agree that we must bring all claims covered by this Agreement against the other Party only in the Parties' individual capacity, and not as a plaintiff or class member in any purported class or representative proceeding. With respect to the claims covered by this Agreement, the Parties expressly waive any right to submit, initiate, or participate in a representative capacity or as a plaintiff, claimant or member in a class action, collective action, or other representative or joint action, regardless of whether the action is filed in arbitration or in court. There shall be no right or authority for any dispute to be brought, heard, joined on a class, collective, or representative basis and the Parties' claims against each other may not be consolidated or joined in arbitration with the claims of other persons or individuals who may be similarly situated or have similar disputes. Furthermore, if a

Page 3 of 6

CFRI Staff Member Arbitration Agreement
Revised April 2013

court and/or arbitrator orders that a class, collective, or other representative or joint action should proceed, in no event will such action proceed in the arbitration; such action may only proceed in court. This provision shall not constitute a waiver of any right I may have under Section 7 of the National Labor Relations Act, as amended, to engage in protected concerted activity. The Company will not discipline, discharge, or otherwise retaliate against me for exercising any right I may have under Section 7. However, either Party may lawfully seek enforcement of this provision under the FAA and seek dismissal of class, collective or representative actions or claims. The Company and I acknowledge and agree that the conditions set forth in this provision are material terms of this Agreement.

**If I wish to opt out of this Waiver of Right To File Class, Collective, or Representative Actions, I must send a letter requesting an opt out of the class, collective and representative action waiver, to the Company at: General Counsel, The Cheesecake Factory Incorporated, 26901 Malibu Hills Rd., Calabasas Hills, California 91301 (or its then current corporate offices address), within 60 days of signing this Agreement. I acknowledge and agree that if I send such letter, it will be sent to the Company by certified or registered mail, return receipt requested.**

## Arbitration Procedures

The arbitration shall be conducted by a neutral arbitrator in accordance with the National Rules for the Resolution of Employment Disputes issued by the American Arbitration Association ("AAA") which are in effect when the dispute is submitted to arbitration, or other rules mutually agreed upon in writing by the Parties. The AAA rules are available: **(1) online at www.adr.org; (2) by calling the AAA at 1-877-495-4185; and/or (3) by written request to the Company at the corporate office address listed above.** The arbitration shall be final and binding upon the Parties. The Arbitrator shall render a written award and opinion which reveals the essential findings and conclusions upon which the award is based. Discovery shall be conducted to the extent necessary to adequately arbitrate or defend any claims, including access to essential documents and witnesses, as determined by the Arbitrator. The Arbitrator shall have the authority to entertain a motion to dismiss and/or a motion for summary judgment by any party. Either party, upon request at the close of hearing, shall be given leave to file a post-hearing brief. The time for filing such a brief shall be set by the Arbitrator.

## Resolution of Disputes

The arbitrator's authority to resolve disputes and make awards under this Agreement is limited to disputes between: (i) me and the Company; and (ii) me and any current or former officers, directors, employees and agents of the Company; and/or (iii) me and any sponsors, fiduciaries or administrators of any Company benefit plan, if such individual or individuals is or are sued or the claim(s) made is or are for or related to conduct arising out of their or my employment or severance of employment with the Company or in their capacity as an agent of the Company relating to my employment or severance of my employment with the Company, or if applicable, arising out of a Company benefit plan. No arbitration award or decision will have any preclusive effect as to issues or claims in any dispute with anyone who is not a named party to the arbitration.

The Company and I understand and agree that any dispute as to the arbitrability of a particular issue or claim pursuant to this Agreement is to be resolved in arbitration. The arbitrator shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation of this Agreement including, but not limited to, any claim that all or any part of this Agreement is void

or voidable. However, notwithstanding anything in this Agreement, or any rule or provision of the AAA rules, any issue concerning the validity of the class, collective, or representative or joint action waiver provided in this Agreement must be decided by a court, not an arbitrator. If for any reason the class, collective, or representative or joint action waiver is found to be unenforceable or void, the class, collective, or representative or joint action may only proceed in court and may not be arbitrated under this Agreement. If the class, collective, or representative or joint action waiver is found to be enforceable, any individual claims must proceed in arbitration.

## Arbitration Fees and Costs Unique to Arbitration

The Company and I understand and agree that, to the extent required by controlling law as determined by the Arbitrator, the Company will bear the Arbitrator's fee and any other type of expense or cost that I would not be required to bear if the dispute or claim was brought in court, as well as any other expense or cost that is unique to arbitration.

## Attorney Fees and Costs

The Company and I shall pay for our own attorneys' fees and any costs not unique to arbitration. However, if any Party prevails on a statutory claim which affords the prevailing Party attorneys' fees and costs, or if there is a written agreement providing for fees and costs, or if applicable law authorizes or requires awarding such fees and costs, the Arbitrator may award reasonable fees and costs to the prevailing Party in accordance with applicable law.

## Location of Arbitration

The Company and I understand and agree that the arbitration shall take place in the county in which I work or worked at the time the arbitrable dispute or claim arose.

## Requirements for Modification or Revocation

This Agreement to arbitrate shall survive the termination of my employment. It can only be revoked or modified by a writing signed by me and the Chief Executive Officer of the Company which specifically states an intent to revoke or modify this Agreement.

## Sole and Entire Agreement; Construction

This Agreement is the complete agreement of the Parties on the subject of arbitration of disputes. This Agreement supersedes any prior or contemporaneous oral or written understanding on the subject. No Party is relying on any representations, oral or written, on the subject or the effect, enforceability or meaning of this Agreement, except as specifically set forth in this Agreement.

## Severability

Except as otherwise provided herein, if any provision of this Agreement is adjudged to be void or otherwise unenforceable, in whole or in part, such adjudication shall not affect the validity of the remainder of the Agreement.

CFRI Staff Member Arbitration Agreement
Revised April 2013

### Consideration

The promises by the Company and by me to arbitrate differences, rather than litigate them before courts or other bodies, provide consideration for one another's entry into this Agreement. The Company and I further agree and understand that signing this Agreement is also a material part of the consideration for me being an employee of this Company, and that the compensation and other benefits paid or provided to me by the Company provide additional consideration for my execution of this Agreement.

### Not To Be Construed As An Employment Agreement

This Agreement is not, and shall not be construed to create any contract of employment, express or implied. Nor does this Agreement in any way alter the "at-will" status of my employment.

### Acknowledgement

THE PARTIES ACKNOWLEDGE AND AGREE THAT EACH HAS READ THIS AGREEMENT CAREFULLY AND UNDERSTAND THAT BY SIGNING IT, EACH IS WAIVING ALL RIGHTS TO A TRIAL OR HEARING BEFORE A JUDGE OR JURY OF ANY AND ALL DISPUTES AND CLAIMS SUBJECT TO ARBITRATION UNDER THIS AGREEMENT.

### Knowing and Voluntary Agreement By Staff Member

I ACKNOWLEDGE THAT I HAVE CAREFULLY READ THIS AGREEMENT, THAT I UNDERSTAND ITS TERMS, THAT ALL UNDERSTANDINGS AND AGREEMENTS BETWEEN THE COMPANY AND ME RELATING TO THE SUBJECTS COVERED IN THE AGREEMENT ARE CONTAINED IN THIS AGREEMENT, AND THAT I HAVE ENTERED INTO THIS AGREEMENT VOLUNTARILY AND NOT IN RELIANCE ON ANY PROMISES OR REPRESENTATIONS BY THE COMPANY OTHER THAN THOSE CONTAINED IN THIS AGREEMENT ITSELF.

I FURTHER ACKNOWLEDGE THAT I HAVE BEEN GIVEN THE OPPORTUNITY TO AND HAVE BEEN ADVISED TO DISCUSS THIS AGREEMENT WITH MY PRIVATE LEGAL COUNSEL OR REPRESENTATIVE OF MY CHOOSING AND HAVE AVAILED MYSELF OF THAT OPPORTUNITY TO THE EXTENT I WISH TO DO SO.

BY: COMPANY

_____
Signature of Company Representative

Debby Zurzolo
Print Name of Company Representative

VP & General Counsel
Title of Company Representative

BY: STAFF MEMBER

_____
Signature of Staff Member

Thomas J. Hotyka
Print Name of Staff Member

31110505
TMX Number