UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JOHN GUGLIELMO and CRAIG WILHELMY,
on behalf of themselves, individually,
and on behalf of all others similarly-situated,      **15-CV-03117 (ADS)(AYS)**
                                Plaintiffs,


            -against-


THE CHEESECAKE FACTORY RESTAURANTS, INC.,

                       Defendant.
------------------------------------------------------------------------X




**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT'S MOTION TO COMPEL ARBITRATION
AND TO STRIKE OR MODIFY CLASS DEFINITION**




                                        Susan J. Deith, Esq.
                                        Alexander T. Coleman, Esq.
                                        Michael J. Borrelli, Esq.
                                        BORRELLI & ASSOCIATES, P.L.L.C.
                                        *Attorneys for Plaintiffs*
                                        1010 Northern Boulevard, Suite 328
                                        Great Neck, New York 11021
                                        (516) 248-5550

1

**TABLE OF CONTENTS**

**TABLE OF AUTHORITIES**……………………………………………………………………..ii

**PRELIMINARY STATEMENT**……....………………………………………………………......2

**STATEMENT OF FACTS**……………………………………………………………......…………3

**ARGUMENT**………………………………………………………………………….…………5

I.  THE SECOND CIRCIT HAS EXPRESSLY HELD THAT THE
    PROPER REMEDY WHEN ANY CLAIM IS REFERRED TO
    ARBITRATION IS A STAY OF PROCEEDINGS, RATHER THAN
    DISMISSAL ……...…………………………………………………………………..……5

II. WHILE COURTS HAVE DISCRETION TO DEFINE AND
    REDEFINE CLASSES BY STRIKING AND/OR MODIFYING
    CLASS OR COLLECTIVE ACTION DEFINITIONS, DEFENDANT'S
    MOTION TO STRIKE AND/OR MODIFY THE
    DEFINITIONS IS
    PREMATURE.………………………………….…………………………….......………6

   A.  MOTIONS TO STRIKE CLASS ALLEGATIONS ARE
       DISFAVORED; THEREFORE, THIS MOTION TO STRIKE
       SHOULD BE DENIED.……………………………………………………….....6

   B.  THE COURT SHOULD NOT STRIKE AND/OR
       MODIFY THE CLASS OR COLLECTIVE ACTION
       DEFINITIONS BECAUSE CERTIFICATION DISCOVERY
       HAS NOT COMMENCED.…………………….…………………………...…….8

**CONCLUSION**……………………….…………….…………………………………..………10

# TABLE OF AUTHORITIES

**STATUTES**

29 U.S.C. § 216(b) .................................................................................................................... 2

9 U.S.C. § 1 ............................................................................................................................... 5

9 U.S.C. § 3 ............................................................................................................................... 5

NYLL § 195(3) ......................................................................................................................... 4

**OTHER AUTHORITIES**

Fed. R. Civ. P. 23 ................................................................................................................. 8, 9

Fed. R. Civ. P. 23(b)(3) ............................................................................................................ 4

Fed. R. Civ. P. 23(c)(1)(A) ....................................................................................................... 8

NYCCRR § 146-1.5 .................................................................................................................. 4

NYCCRR § 146-1.6 .................................................................................................................. 4

**CASE LAW**

*AT&T Mobility LLC v. Concepcion*,
    563 U.S. 333, 131 (2011) ..................................................................................................... 9

*Butto v. Collecto Inc.*,
    845 F. Supp. 2d 491, 498 (E.D.N.Y. 2012) ......................................................................... 9

**Table of Authorities**
**(continued)**

*Chen–Oster v. Goldman, Sachs & Co.*,
   No. 10 Civ. 6950, 2012 WL 205875 (S.D.N.Y. Jan. 19, 2012) .................................................. 7

*Diaz v. Residential Credit Solutions, Inc.*,
   297 F.R.D. 42, 54 (E.D.N.Y. 2014) ........................................................................................ 3

*Hamadou v. Hess Corp.*,
   915 F. Supp. 2d 651, 669 (S.D.N.Y. 2013) ............................................................................ 7, 9

*Indergit v. Rite Aid Corp.*,
   No. 08 Civ. 9361 (PGG), 2010 WL 2465488, (S.D.N.Y. June 16, 2010) ............................... 10

*Kassman v. KPMG LLP*,
   925 F. Supp. 2d 453, 464 (S.D.N.Y. 2013) ............................................................................ 7, 9

*Katz v. Cellco P'ship*,
   794 F.3d 341, 347 (2d Cir. 2015) ....................................................................................... 2, 5, 6

*Lopez v. Davis,*
   531 U.S. 230, 241 (2001) ........................................................................................................ 5

*Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*,
   460 U.S. 1, 22 (1983) ............................................................................................................... 6

*Richardson v. Byrd*,
   709 F.2d 1016, 1019 (5th Cir. 1983) ....................................................................................... 8

*Romero v. La Revise Assoc., L.L.C.*,
   968 F. Supp. 2d 639, 645 (S.D.N.Y. 2013) ............................................................................. 9

**Table of Authorities**
**(continued)**

*Wang v. The Hearst Corporation,*
    No. 12 Civ. 793 (HB), 2012 WL 2864524 (S.D.N.Y. July 12, 2012 .......................................... 7

**PRELIMINARY STATEMENT**

In this wage and hour matter brought as a putative collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), and as a putative Rule 23 class action for claims arising under the New York Labor Law ("NYLL"), Plaintiffs John Guglielmo and Craig Wilhelmy ("Plaintiffs") respectfully submit this memorandum of law in opposition to The Cheesecake Factory Restaurants, Inc. ("Defendant")'s motion to compel arbitration and to strike or modify class definition. Seven people have currently filed consent to join collective action forms.

Defendant alleges that all employees hired on or after May 1, 2013, were required to execute a mutual agreement to arbitrate claims ("Agreement"). *See* Lambert-Gaffney Decl. (Dkt. No.17-2). Thomas Motyka ("Motyka"), an opt in Plaintiff who filed a consent form on July 22, 2015 (Dkt. No.10), executed such an Agreement on November 1, 2013. (Dkt. No.17-3). Plaintiffs do not object to arbitrating Motyka's individual claims; however, Plaintiffs do object to dismissing him from the litigation and striking and/or modifying the collective and class definitions.

First, as to Defendant's request to dismiss Motyka's claim, the Second Circuit has very recently and expressly held that the Federal Arbitration Act ("FAA") requires a "stay," rather than dismissal when any claim that is subject to a proper arbitration agreement is referred to arbitration. *Katz v. Cellco P'ship*, 794 F.3d 341, 347 (2d Cir. 2015). Despite Defendant's citations to cases where courts granted dismissals in similar circumstances, those cases were not in the Second Circuit and they predate *Katz*. Defendant conveniently neglected to cite *Katz* in its moving papers.

Next, while courts retain discretion to define and redefine classes by striking or modifying class and collective action definitions at an appropriate time, such as on a motion for

conditional or class certification, premature motions to strike or modify class or collective allegations made prior to a certification motion are generally disfavored. Therefore, Defendant's reliance upon *Diaz v. Residential Credit Solutions, Inc.* is misplaced and conveniently misleading, in that Defendant neglects to point out that this Court noted in its decision that the question of whether a class definition is a proper one is addressed "once a court determines that class certification is appropriate," and not at a point early in litigation, such as the juncture at which the parties stand in the instant matter. *Diaz v. Residential Credit Solutions, Inc.*, 297 F.R.D. 42, 54 (E.D.N.Y. 2014) (Spatt, J.). Indeed, any such ruling would be premature. The parties have not yet begun discovery, and Plaintiffs do not know who the opt-in Plaintiffs will be, whether they have any legitimate claims to assert against Defendant, or whether any of them who might have signed the arbitration Agreement have defenses to having done so, such as fraud or duress. Thus, the court should deny Defendant's motion in this respect.

## STATEMENT OF FACTS

Plaintiffs John Guglielmo, Craig Wilhelmy, and each current and putative opt-in plaintiff, are current or former servers at Defendant's restaurants in New York State. Defendant is the owner and operator of a popular restaurant chain consisting of nearly 200 restaurants, eleven of which are located in New York. Plaintiffs commenced the instant action on May 28, 2015. (Dkt. No.1). In their Complaint, Plaintiffs alleged violations of the FLSA on behalf of themselves and all those similarly-situated with a proposed collective consisting of:

> Current and former non-managerial employees of Defendant who, during the applicable FLSA limitations period, performed any work for Defendant in New York as bartenders, servers, waiters, busboys, and/or as other members of its wait-staff at one of Defendant's locations in the state of New York who give consent to file a claim to recover damages for minimum wages that are legally due to them ("FLSA Plaintiffs").

3

*Id.* at ¶ 16. In addition, Plaintiffs also alleged violations of the New York Labor Law ("NYLL") and the New York Codes, Rules and Regulations ("NYCCRR"), seeking to commence a lawsuit as a class action pursuant to FED. R. CIV. P. 23(b)(3), with a proposed class consisting of:

> Current and former non-managerial employees of Defendant who performed any work for Defendant as bartenders, servers, waiters, busboys, and/or as other members of its wait-staff during the statutory period within New York, who: (1) did not receive compensation at the legally-required minimum wage rate of pay for each hour worked; (2) did not receive overtime pay at the rate of one-and-one half times the minimum wage rate for each hour worked over forty during a given workweek; (3) did not receive spread of hours pay as NYCCRR § 146-1.6 requires; (4) were not paid for at least three hours, or the number of hours in their regularly scheduled shift, whichever is less, at the basic minimum hourly wage on occasions when they reported to work and Defendant sent them home before three hours due to lack of need as NYCCRR § 146-1.5 requires; (5) had unlawful deductions taken from their wages without written consent; and (6) were not provided with the statutorily-required wage statements on each payday pursuant to NYLL § 195(3) ("Rule 23 Plaintiffs").

*Id.* at ¶¶ 20, 22.

Plaintiff Motyka is a former server who was employed by Defendant during two different time periods: from July 2007 to August 2013 and from November 2013 to August 2014. As a condition of his second stint of employment beginning November 1, 2013, Motyka executed a mutual agreement to arbitrate claims. The Agreement covers claims involving "wages or other compensation or benefits," and includes a waiver of right to file class, collective or representative actions. However, such waiver is ambiguous, in that it contemplates the possibility that a court and/or arbitrator may order "that a class, collective, or other representative or joint action should proceed," adding that "in no event will such action proceed in arbitration; such action may only proceed in court." (Dkt. 17-3).

**ARGUMENT**

I. **THE SECOND CIRCIT HAS EXPRESSLY HELD THAT THE PROPER REMEDY WHEN ANY CLAIM IS REFERRED TO ARBITRATION IS A STAY OF PROCEEDINGS, RATHER THAN DISMISSAL.**

Defendant moves for dismissal of Motyka from the instant matter because the Agreement contained a class and collective action waiver and Motyka never elected to opt out. Defendant's motion for Motyka's dismissal conflicts with the text, structure, and underlying policy of the FAA, 9 U.S.C. § 1 et seq., and should be denied.

The Second Circuit, in *Katz v. Cellco P'ship*, noted that the district court compelled arbitration of all of Plaintiff's state law claims against Defendant. 794 F.3d 341, 344 (2d Cir. 2015). Defendant requested a stay, but the district court dismissed the action. *Id.* On appeal, the Second Circuit addressed whether a district court has the discretion to dismiss an action after all claims have been referred to arbitration or whether the district court must stay proceedings. *Id.* The Court held that the FAA requires a stay of proceedings. *Id.* at 347. The Second Circuit's decision relied on the plain language of the statute, which states that the court "shall" stay proceedings pending arbitration, provided an application is made and certain conditions are met. *Id.* at 345. The court cited language found in Section 3 of the FAA, which reads in part:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending . . . ***shall*** on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . . .

*Id.* at 345 (emphasis in original) (quoting Federal Arbitration Act, 9 U.S.C. § 3). The term "shall," makes the court's decision mandatory and removes all discretion. *Id.* (quoting *Lopez v. Davis,* 531 U.S. 230, 241 (2001)).

5

A mandatory stay also comports with the FAA' statutory scheme and pro-arbitration policy. *Katz*, 794 F.3d at 346. Indeed, a court's outright dismissal contravenes Congress's appellate structure and affords judges unchecked discretion—empowering them to confer appellate rights expressly proscribed by Congress. *Id.* ("granting a dismissal of an arbitrable matter that should have been stayed effectively converts an otherwise-unappealable interlocutory stay order into an appealable final dismissal order."). A mandatory stay also conforms to the FAA's underlying pro-arbitration policy by moving "the parties to an arbitrable dispute out of court and into arbitration as quickly as possible." *Id.* (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 22 (1983)).

Here, it is Defendant's contention that Motyka is subject to the Agreement, and Plaintiff concedes this point. However, pursuant to *Katz*, a stay and not dismissal is the appropriate procedural device, as a stay will enable the parties to proceed "to arbitration directly, unencumbered by the uncertainty and expense of additional litigation . . . preclud[ing] judicial interference until there is a final award." *Id,* at 346. Since *Katz* does not at all hold that the analysis would be any different should a collective action waiver be present, the Court should resolve this branch of Defendant's motion in accordance with the holding in *Katz,* by staying the matter.

**II. WHILE COURTS HAVE DISCRETION TO DEFINE AND REDEFINE CLASSES BY STRIKING AND/OR MODIFYING CLASS OR COLLECTIVE ACTION DEFINITIONS, DEFENDANT'S MOTION TO STRIKE AND/OR MODIFY THE DEFINITIONS IS PREMATURE.**

**A. MOTIONS TO STRIKE CLASS ALLEGATIONS ARE DISFAVORED; THEREFORE, THIS MOTION TO STRIKE SHOULD BE DENIED.**

Defendant claims that the Court should strike or modify the class definition because it is overly inclusive, in that it might contain individuals who have signed the arbitration Agreement at issue. For that reason, Defendant urges the Court to alter the collective/class definition to

exclude the claims of putative class members hired on or after May 1, 2013, who were required to submit their claims to arbitration and waived the ability to participate in a class or collective action. However, "[m]otions to strike are 'generally looked upon with disfavor and a motion to strike class allegations . . . is even more disfavored because it requires a reviewing court to preemptively terminate the class aspects of . . . litigation . . . before plaintiffs are permitted to complete the discovery to which they would otherwise be entitled on questions relevant to class certification.'" *Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 669 (S.D.N.Y. 2013) (denying Defendants' motion to strike the NYLL class claims because they were premature) (quoting *Wang v. The Hearst Corporation,* No. 12 Civ. 793 (HB), 2012 WL 2864524, at *3 (S.D.N.Y. July 12, 2012)); s*ee also Kassman v. KPMG LLP*, 925 F. Supp. 2d 453, 464 (S.D.N.Y. 2013) (holding that the employer's motion to strike class allegations was procedurally premature in an employment discrimination putative class action where the employer's objections addressed the commonality requirement for class certification prior to any filing of a motion to certify the class and was exactly the sort of issue that would be litigated and decided in the context of a motion for class certification). Moreover, "motions to strike are also usually denied where they raise arguments that would be considered on a motion for class certification." *Hamadou*, 915 F. Supp. 2d at 669 (quoting *Chen–Oster v. Goldman, Sachs & Co.*, No. 10 Civ. 6950, 2012 WL 205875, at *4 (S.D.N.Y. Jan. 19, 2012)).

      Here, Defendant's motion to strike the class and collective action definitions is also premature, as Plaintiffs have not yet moved for conditional or class certification, and the identical issues that Defendant raises in this motion would be argued, on a fuller record, at that time. Therefore, Defendant's motion to strike and/or modify the collective and class action definitions should be denied.

7

### B. THE COURT SHOULD NOT STRIKE AND/OR MODIFY THE CLASS OR COLLECTIVE ACTION DEFINITIONS BECAUSE CERTIFICATION DISCOVERY HAS NOT COMMENCED.

Defendant relies on the district court's discretion to alter class and collective action definitions to support its argument to strike and/or modify the definitions in this case. The Defendant cites *Richardson v. Byrd*, 709 F.2d 1016, 1019 (5th Cir. 1983) for the proposition that the district court must define, redefine, subclass, and decertify the putative class members, as appropriate, in response to the progression of the case from assertion to facts. *See* Def. Memo of Law at 14 (Dkt. No.17-1). While district courts have discretion to modify class definitions, whether a district court should actually exercise that discretion depends upon timing.

Defendant's argument relies on dated language in FED. R. CIV. P. 23, which previously required certification of a class "as soon as practicable" after an action is commenced. But FED. R. CIV. P. 23 was amended in 2003, and the two cases that Defendant cites in support of its position predate the Amendments. After the 2003 Amendments, subdivision (c) of Rule 23 was amended in several respects. Most importantly, the determination by the district court of whether to certify a class "as soon as practicable after commencement of an action" was replaced by the requirement that the determination occur "at an early practicable time." *See* FED. R. CIV. P. 23(c)(1)(A). The reason for the amendment was that the "as soon as practicable" component neither reflected prevailing practice nor did it capture the many valid reasons that may justify deferring the initial certification decision. *See* FED. R. CIV. P. 23 (citing Willging, Hooper & Niemic, *Empirical Study of Class Actions in Four Federal District Courts: Final Report to the Advisory Committee on Civil Rules 26-36* (Federal Judicial Center 1996)).

Defendant's motion to limit the class and collective action definitions to those who are not subject to binding arbitration agreements, before it is determined who the opt-in Plaintiffs

8

will be, or if any individuals who might have signed arbitration agreement did so knowingly and voluntarily or under fraud or duress, should be denied in light of Supreme Court precedent and the 2003 Amendments to FED. R. CIV. P. 23, as more time is "needed to gather information necessary to make the certification decision." *See AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 131 (2011) ("The final phrase of § 2 [of the FAA], however, permits arbitration agreements to be declared unenforceable upon such grounds as exist at law or in equity for the revocation of any contract. This saving clause permits agreements to arbitrate to be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability . . . .") (internal quotation marks and citations omitted)); *see also Butto v. Collecto Inc.*, 845 F. Supp. 2d 491, 498 (E.D.N.Y. 2012) (Spatt, J.) ("under general principles of contract law parties should not be compelled to arbitrate unless the totality of the evidence supports an objective intention to agree to arbitrate.") (internal quotation marks and citations omitted); *Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 669 (S.D.N.Y. 2013) (denying Defendants' motion to strike the NYLL class claims as premature); *Kassman v. KPMG LLP*, 925 F. Supp. 2d 453, 464 (S.D.N.Y. 2013).

While Defendant is entitled to have those individuals who knowingly and voluntarily executed valid arbitration agreements follow through with arbitration, Plaintiffs are also entitled to gather as much information as possible to determine the circumstances under which those individuals signed the agreements—specifically, whether they did so knowingly and voluntarily or if there was fraud, duress, or something of the sort. *See AT&T Mobility LLC*, 563 U.S. at 131. Decertifying or redefining the class at this juncture will defeat that purpose. *See Romero v. La Revise Assoc., L.L.C.*, 968 F. Supp. 2d 639, 645 (S.D.N.Y. 2013) ("Once plaintiffs have opted in and after discovery is complete, 'courts conduct a more stringent 'second tier' analysis upon a full record to decide whether the additional plaintiffs are similarly situated to the original

9

plaintiffs.'") (quoting *Indergit v. Rite Aid Corp.*, No. 08 Civ. 9361 (PGG), 2010 WL 2465488, at *4 (S.D.N.Y. June 16, 2010)). Accordingly, the Court should deny this branch of Defendant's motion.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court decide Defendant's motion to compel arbitration by staying and dismissing Motyka's claims and deny Defendant's motion to strike or modify the class and collective definitions in the Complaint to exclude any individuals hired on or after May 1, 2013.

Dated: October 6, 2015
       Great Neck, New York

                                   Respectfully submitted,

                                   BORRELLI & ASSOCIATES, P.L.L.C.
                                   *Attorneys for Plaintiff*
                                   1010 Northern Boulevard, Suite 328
                                   Great Neck, New York 11021
                                   Tel. (516) 248- 5550
                                   Fax. (516) 248 – 6027
                                   sjd@employmentlawyernewyork.com
                                   atc@employmentlawyernewyork.com
                                   mjb@employmentlawyernewyork.com

By:

                                      /s/Susan J. Deith
                                  SUSAN J. DEITH (SD 3892)
                                  ALEXANDER T. COLEMAN (AC 8151)
                                  MICHAEL J. BORRELLI (MB 8533)