Law Offices
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, New York  10178
(212) 309-6000
*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x
JOHN GUGLIELMO and CRAIG WILHELMY.            :
on behalf of themselves, individually,                      :
and on behalf of all others similarly situated,            :
                                                                                    :
                            Plaintiffs,                                        :
                                                                                    :
            v.                                                                     :       15-CV-3117 (ADS)
                                                                                    :
THE CHEESECAKE FACTORY RESTAURANTS, INC., :
                                                                                    :
                            Defendant.                                       :
------------------------------------------------------------------------x

## DEFENDANT'S REPLY MEMORANDUM OF LAW
## IN FURTHER SUPPORT OF ITS MOTION TO COMPEL
## ARBITRATION AND TO STRIKE OR MODIFY CLASS DEFINITION

MORGAN, LEWIS & BOCKIUS LLP
Sam S. Shaulson
Christopher A. Parlo
Leni D. Battaglia

101 Park Avenue
New York, NY 10178
Tel.: (212) 309-6000
Fax: (212) 309-6001

*Attorneys for Defendant*

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ....................................................................................................... 1

ARGUMENT .................................................................................................................................... 2

    I.    PLAINTIFFS CONCEDE THAT MOTYKA'S ARBITRATION AGREEMENT IS ENFORCEABLE AND THAT HE SHOULD BE REFERRED TO ARBITRATION. .......................................................................... 2

    II.    THE COURT HAS DISCRETION TO DISMISS MOTYKA'S CLAIMS. .......... 2

    III.    PLAINTIFFS HAVE ARTICULATED NO VALID THEORY WHY INDIVIDUALS WHO SIGNED THE SAME ARBITRATION AGREEMENT AS MOTYKA SHOULD NOT BE BOUND BY THAT AGREEMENT AND EXCLUDED FROM THIS CASE. ................................... 3

        A.    Plaintiffs Have Articulated No Valid Basis For The Court To Delay Addressing A Timely Question About The Scope of the Action – A Power Clearly Within the Court's Discretion And Which Should Be Exercised As Early As Possible ................................... 4

        B.    CCF's Motion Is Clearly Distinguishable From Motions To Strike Class Allegations That Have Sometimes Been Denied ............................. 6

        C.    Plaintiffs' Request for Discovery Based on The Hypothetical Situation of Those Who Cannot Be Similarly Situated Must be Rejected ................................................................................................. 7

CONCLUSION ................................................................................................................................. 9

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Adami v. Cardo Windows, Inc.*,
   12-CV-2804, 2014 WL 320048 (D.N.J. Jan. 29, 2014)............................................................6

*AT&T Mobility LLC v. Concepcion*,
   131 S. Ct. 1740 (2011).............................................................................................................2

*Brown v. Coca-Cola Enterprises, Inc.*,
   08-CV-3231, 2009 WL 1146441 (E.D.N.Y. Apr. 28, 2009) ....................................................8

*Chen-Oster v. Goldman, Sachs & Co.*,
   877 F. Supp. 2d 113 (S.D.N.Y. 2012)......................................................................................7

*Cohen v. UBS Fin. Servs., Inc.*,
   799 F.3d 174 (2d Cir. 2015).....................................................................................................3

*CompuCredit Corp. v. Greenwood*,
   132 S. Ct. 665 (2012)...............................................................................................................8

*Fischer v. KMART Corp.*,
   3:13-CV-04116, 2014 WL 3817368 (D.N.J. Aug. 4, 2014) ....................................................6

*Hamadou v. Hess Corp.*,
   915 F. Supp. 2d 651 (S.D.N.Y. 2913)..................................................................................6, 7

*In re Titanium Dioxide Antitrust Litig.*,
   962 F. Supp. 2d 840 (D. Md. 2013) .....................................................................................3, 5

*In re Whirlpool Corp. Products Liab. Litig.*,
   302 F.R.D. 448 (N.D. Ohio 2014) ...........................................................................................5

*Kassman v. KPMG LLP*,
   925 F. Supp. 2d 453 (S.D.N.Y. 2013)......................................................................................7

*Katz v. Cellco P'ship*,
   794 F.3d 341 (2d Cir. July 28, 2015)...................................................................................2, 3

*LaFlamme v. Societe Air France*,
   702 F. Supp. 2d 136 (E.D.N.Y. 2010) .....................................................................................3

*Lawrence v. Sol G. Atlas Realty Co.*,
   14-CV-3616, 2015 WL 5076957 (E.D.N.Y. Aug. 27, 2015) ...................................................3

*Morangelli v. Chemed Corp.*,
 275 F.R.D. 99 (E.D.N.Y. 2011) ...................................................................................................5

*Morangelli v. Chemed Corp.*,
 CIV. 10-0876, slip op. (E.D.N.Y. June 17, 2010) ......................................................................6

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
 460 U.S. 1 (1983) .......................................................................................................................6

*Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. Stroh Companies, Inc.*,
 265 F.3d 97 (2d Cir. 2001) .........................................................................................................8

*Powers v. Hamilton Cnty. Pub. Defender Comm'n*,
 501 F.3d 592 (6th Cir. 2007) .....................................................................................................5

*Rahman v. Smith & Wollensky Rest. Grp., Inc.*,
 06-CV-6198, 2008 WL 161230 (S.D.N.Y. Jan. 16, 2008) .........................................................7

*Wang v. Hearst Corp.*,
 12 CV 793, 2012 WL 2864524 (S.D.N.Y. July 12, 2012) .........................................................7

*Wright v. Eastman Kodak Co.*,
 550 F. Supp. 2d 371 (W.D.N.Y. 2008) .......................................................................................8

*Zann Kwan v. Andalex Grp. LLC*,
 737 F.3d 834 (2d Cir. 2013) .......................................................................................................3

**OTHER AUTHORITIES**

Fed. R. Civ. P. 1 .................................................................................................................................6

Fed. R. Civ. P. 23(c)(1)(A) ................................................................................................................5

Fed. R. Civ. P. 56(f) ...........................................................................................................................8

**PRELIMINARY STATEMENT**

Plaintiffs' Memorandum in Opposition (Dkt. 27) ( "Opp.") to The Cheesecake Factory Restaurants, Inc.'s ("CCF") Motion to Compel Arbitration and to Strike or Modify the Class Definition (Dkt. 17) ("CCF's Motion") presents no plausible arguments or applicable legal authority why CCF's Motion should be denied. On Defendant's first point, Plaintiffs affirmatively concede that the claims of opt-in Plaintiff Thomas J. Motyka ("Motyka") are inappropriately before this Court and should be referred to mandatory and binding arbitration. Opp. at 6. Accordingly, an order so directing may be issued. As to CCF's second point (modification of the class definition is warranted to exclude putative class members who executed the same arbitration agreement as Motyka), Plaintiffs concede that the Court has the discretion to modify the class definition if it deems warranted. Plaintiffs' rationale for why that discretion should not be exercised here is that there may be a putative class member (or members) who executed the same arbitration agreement, but did not do so willingly. However, Plaintiffs provide no factual support that any such situation is even possible, much less that it has occurred. Motyka, the only individual subject to this arbitration agreement thus far identified by Plaintiffs, and who is alleged to be similarly situated to the rest of the class, does <u>not</u> assert any such coercion. The purely speculative possibility that there may be a putative class member (or members) who involuntarily signed the agreement due to coercion or duress does not withstand scrutiny under Federal Rules 8 or 11, let alone the motion to dismiss standard. Moreover, Plaintiff's argument is self-defeating because if this Court has to determine if each putative class member was subject to duress or coercion, such individualized inquiries would *per se* preclude this matter from proceeding as a collective or class action and the scope of the class definition becomes irrelevant. Accordingly, no legal or factual basis exists to oppose CCF's Motion.

Rather than providing any facts to support their Opposition, Plaintiffs instead cite cases declining to strike *entire* classes, or class definitions, and which have no applicability here. Through this motion, CCF is not seeking to strike the class or to litigate class certification. To the contrary, in the interest of judicial economy and the Federal Arbitration Act ("FAA"), and

consistent with the sound practice of having courts determine the proper parameters of a class at an early practical point, CCF simply seeks to exclude from this litigation individuals who, like Motyka, cannot proceed in this forum. As Plaintiff provides no valid factual or legal basis for opposing this modification to the class definition, CCF's Motion should be granted.

## ARGUMENT

### I. PLAINTIFFS CONCEDE THAT MOTYKA'S ARBITRATION AGREEMENT IS ENFORCEABLE AND THAT HE SHOULD BE REFERRED TO ARBITRATION.

Plaintiffs concede that Motyka executed a binding and enforceable arbitration agreement with the Company. *See* Opp. at 2, 4 ("As a condition of his second stint of employment beginning November 1, 2013, Motyka executed a mutual agreement to arbitrate claims."). Plaintiffs further explicitly concede that Motyka's claims are subject to binding arbitration and should not proceed before this Court. *Id.* at 6 ("[I]t is Defendant's contention that ***Motyka is subject to the [arbitration] Agreement, and Plaintiff concedes this point***.") (emphasis added); *id.* at 2 ("Plaintiffs do not object to arbitrating Motyka's individual claims"). Indeed, Plaintiffs could not credibly argue otherwise as the Supreme Court has continually reiterated that "[t]he principal purpose of the FAA is to ensure that private arbitration agreements are enforced according to their terms," *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1748 (2011) (quotation omitted), and the terms here unequivocally call for arbitration. Accordingly, Motyka's claims must proceed in arbitration rather than litigation, and this action should be dismissed as to his claims. *Id.* (holding that the Supreme Court has made clear that Section four of the FAA requires courts to compel arbitration in "accordance with the terms of the agreement" upon the motion of either party to the agreement).

### II. THE COURT HAS DISCRETION TO DISMISS MOTYKA'S CLAIMS.

Plaintiffs oppose CCF's request to dismiss Motyka's claims, and argue that his claims should, instead, be stayed. Plaintiffs chiefly rely on *Katz v. Cellco P'ship*, 794 F.3d 341 (2d Cir. July 28, 2015), to support this argument, but the holding in that case is inapplicable here because no motion has been made by either party to stay the claims. *Katz* requires a stay instead of

dismissal when claims are referred to arbitration "**and a stay requested**." *Katz*, 794 F.3d at 345(emphasis added). *See also* Opp. at 5 (a district court should "stay proceedings pending arbitration, provided an *application is made and certain conditions are met*.") (emphasis added). Unlike *Katz*, where defendant Verizon specifically moved for a stay, neither party here has moved or otherwise filed an application for a stay of Motyka's claims. That failure is fatal and the action should be dismissed. *See Lawrence v. Sol G. Atlas Realty Co.*, 14-CV-3616, 2015 WL 5076957, at *6 (E.D.N.Y. Aug. 27, 2015) (considering *Katz* but concluding that "[h]ere, neither party has requested a stay and, accordingly, the Court shall dismiss the action."). Indeed, it is well settled that a litigant cannot seek affirmative relief through an opposition brief. *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 843 (2d Cir. 2013) (explaining that district courts are "justified in brushing aside" arguments not alleged in the complaint but raised for the first time in an opposition brief); *LaFlamme v. Societe Air France*, 702 F. Supp. 2d 136 (E.D.N.Y. 2010) (holding that a claim for relief may not be amended though an opposition brief).

*Katz* is also distinguishable because Motyka, in addition to agreeing to arbitrate, expressly agreed not to participate in any class or collective action. Accordingly, even without the arbitration obligation he is precluded from participating in this purported class or collective action. *Cohen v. UBS Fin. Servs., Inc.*, 799 F.3d 174, 179 (2d Cir. 2015) ("Although such waivers are often found in arbitration agreements (and are so incorporated in this case), the two contract terms are conceptually distinct. A class or collective action waiver is a promise to forgo certain procedural mechanisms *in court*. An agreement to arbitrate, on the other hand, is a promise to have a dispute heard in some forum *other than a court*.") (emphasis in original). A stay of his claims, rather than a dismissal, ignores and negates that agreement between the parties. *In re Titanium Dioxide Antitrust Litig.*, 962 F. Supp. 2d 840 (D. Md. 2013) ("the members of the current class that are subject to * * * class action or jury waiver clauses are in a different legal position than those class members whose contracts contain no such provisions."). Accordingly, Motyka's claims should be dismissed and not just stayed.

3

### III. PLAINTIFFS HAVE ARTICULATED NO VALID THEORY WHY INDIVIDUALS WHO SIGNED THE SAME ARBITRATION AGREEMENT AS MOTYKA SHOULD NOT BE BOUND BY THAT AGREEMENT AND EXCLUDED FROM THIS CASE.

Plaintiffs concede that arbitration of Motyka's claims is appropriate. *See supra* p. 1. Given that concession, Plaintiffs have not articulated any valid reason why other putative class members who signed the same arbitration agreement should not also be bound to arbitrate. Indeed, Plaintiffs affirmatively concede that the arbitration agreement is binding on all putative class members who willingly signed it. Opp. at 9 ("Defendant is entitled to have those individuals who knowingly and voluntarily executed valid arbitration agreements follow through with the arbitration.").

Plaintiffs' only arguments as to why this Court should not order that other putative class members who signed the same agreement be excluded from participating in this litigation are: (1) this decision should not be made now; and (2) hypothetically, there may be people who are not similarly situated to Motyka in that, unlike him, they signed their agreement under duress. But these arguments are without merit. First, numerous courts have held that in the interest of, *inter alia*, judicial economy, decisions regarding the proper composition of an action should be made at the earliest practical point. Second, the *purely speculative possibility* that there may be a putative class member (or members) who involuntarily signed the agreement due to coercion or duress does not withstand scrutiny under Federal Rules 8, 11 or 12. Plaintiffs provide no factual support that any such situation is even possible, much less that it has occurred. This is not surprising since Motyka does not even contend that he was subject to any coercion or duress. Moreover, having to determine if individuals were subject to duress or coercion is such an individualized inquiry that it *per se* precludes this matter from proceeding as a collective or class action. Indeed, any individual subjected to fraud or duress cannot be similarly situated to

Motyka, who has not raised any such issue of duress or coercion and has conceded he must arbitrate all employment claims.

### A. Plaintiffs Have Articulated No Valid Basis For The Court To Delay Addressing A Timely Question About The Scope of the Action – A Power Clearly Within the Court's Discretion And Which Should Be Exercised As Early As Possible

Plaintiffs concede that this Court has the discretion to modify the class definition. Opp. at 8 ("[D]istrict courts have discretion to modify class definitions[.]"). Plaintiffs argue, however, that the 2003 Federal Rule 23 amendments prevent a district court from modifying a class definition until class certification briefing. Plaintiffs do not cite a single case that has so held. Even after the 2003 amendments, Rule 23 still directs courts to make class decisions "At an early practicable time after a person sues or is sued as a class representative." Fed. R. Civ. P. 23(c)(1)(A). And numerous cases decided after the 2003 amendments have upheld the discretion of a district court to modify a class definition when it deems such a modification appropriate. *See, e.g.*, *In re Titanium Dioxide Antitrust Litig.*, 962 F. Supp. 2d 840 (D. Md. 2013); (granting defendants' motion to compel arbitration and amending the class definition to remove individuals subject to a binding arbitration agreement from that definition); *In re Whirlpool Corp. Front Loading Washer Products Liab. Litig.*, 302 F.R.D. 448, 463 (N.D. Ohio 2014) ("[T]he Sixth Circuit has commended a district court's 'repeated modification of the class definition,' because 'courts must be vigilant to ensure that a certified class is properly constituted' and the 'district court's multiple amendments merely showed that the court took seriously its obligation to make appropriate adjustments to the class definition as the litigation progressed.'") (quoting *Powers v. Hamilton Cnty. Pub. Defender Comm'n*, 501 F.3d 592 (6th Cir. 2007).

In *Titanium Dioxide*, as in the instant action, a portion of the putative class executed an arbitration agreement that included a collective action waiver. Before any class certification briefing, CCF filed a motion to amend the class definition to exclude those individuals. The court granted the motion and explained that "the members of the current class that are subject to

arbitration, forum selection, or class action or jury waiver clauses are in a different legal position than those class members whose contracts contain no such provisions." *Id.* at 861. This is the precise scenario applicable to Motyka and the other putative class members subject to the same arbitration agreement Motyka executed. Plaintiffs do not even mention *Titanium Dioxide*, much less distinguish it.

Numerous courts faced with the issue of whether to compel to arbitration a portion of a class subject to an arbitration agreement have (after 2003) similarly referred those individuals to arbitration. *See, e.g.*, *Morangelli v. Chemed Corp.*, 275 F.R.D. 99, 114 (E.D.N.Y. 2011) ("The court may, in its discretion . . . modify the definition of the proposed class to provide the necessary precision or to correct other deficiencies. In fact, the court has a duty to ensure that the class is properly constituted and has broad discretion to modify the class definition as appropriate to provide the necessary precision.") (internal quotation omitted); *Adami v. Cardo Windows, Inc.*, 12-CV-2804, 2014 WL 320048, at *9-10 (D.N.J. Jan. 29, 2014) (preventing putative class members who have "signed mandatory arbitration and/or class action waiver agreements" from joining a proposed class, noting they are not similarly situated since the other plaintiffs had "not signed any such agreement"); *Fischer v. KMART Corp.*, 3:13-CV-04116, 2014 WL 3817368, at *7 (D.N.J. Aug. 4, 2014) (finding the arbitration agreements at issue enforceable and holding that those individuals who signed them "are both prevented from joining this collective action because of the [arbitration] Agreement and are also not similarly situated to members who can arbitrate in a collective action)".

These decisions all apply good common sense, as it is far more efficient to compel individuals subject to binding arbitration agreements to arbitration now, rather than to invite them into the case only to later compel them to arbitration. *Morangelli v. Chemed Corp.*, CIV. 10-0876, slip op., at *8 (E.D.N.Y. June 17, 2010) ("It would be a disservice to judicial efficiency to certify all [employees], when those with arbitration agreements are subject to additional, prolonging motion practice which will likely disqualify them from the case."). *See also* Fed. R. Civ. P. 1 (directing courts to apply the Federal Rules to ensure the "just, speedy and inexpensive

6

determination of every action and proceeding"); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983) (holding that the FAA's goal is "to move the parties to an arbitrable dispute out of court and into arbitration as quickly as possible"). This is particularly true here, as Plaintiffs have already agreed that the arbitration agreement is valid and enforceable, and have not proffered any evidence (or even an allegation) that anyone did not execute the agreement knowingly and willingly. *See infra* p. 9. Accordingly, the Court should exclude from the class definition any putative class member subject to the same arbitration agreement as Motyka.

**B.    CCF's Motion Is Clearly Distinguishable From Motions To Strike Class Allegations That Have Sometimes Been Denied**

Plaintiffs also argue that CCF's Motion should be denied because "motions to strike are generally looked upon with disfavor." Opp. at 7 (quoting *Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 699 (S.D.N.Y. 2913)). Specifically, Plaintiffs argue that a motion to strike all class allegations is "disfavored because it requires a reviewing court to preemptively terminate the class aspects of litigation." *Chen-Oster v. Goldman, Sachs & Co.*, 877 F. Supp. 2d 113, 117 (S.D.N.Y. 2012). However, every case cited by Plaintiffs is inapplicable to CCF's Motion because the motion to strike at issue in each of those matters was a motion to strike ***all*** class allegations from the matter, and/or was an effort to preemptively litigate the issue of certification through a motion to strike. *See Wang v. Hearst Corp.*, 12 CV 793, 2012 WL 2864524, at *3 (S.D.N.Y. July 12, 2012) (denying a motion to strike all class allegations as premature because defendants argued that the requirements of the Federal Rules had not been met); *Kassman v. KPMG LLP*, 925 F. Supp. 2d 453 (S.D.N.Y. 2013) (holding that a motion to strike all class allegations was premature where the motion addressed the commonality requirement for class certification); *Hamadou*, 915 F. Supp. 2d at 669 (denying a motion to strike all class claims because defendants argued that the named plaintiffs' had atypical claims).

That is not the case here. Rather, in its request to modify the class definition, CCF is not raising any arguments concerning the propriety of the certification of Plaintiffs' claims or the adequacy of the Named Plaintiffs. Rather, CCF merely seeks to modify the current class

7

definition to exclude individuals who, like Motyka, signed an agreement to arbitrate his or her claims that the parties unequivocally agree is subject to final and binding arbitration. As Plaintiffs readily admit, those individuals are not proper parties to the class and must pursue any claims through binding arbitration. Therefore, their inability to be parties in this lawsuit is readily distinguishable from the class certification issues that were raised in the cases cited by Plaintiffs. *See Rahman v. Smith & Wollensky Rest. Grp., Inc.*, 06-CV-6198, 2008 WL 161230, at *3 (S.D.N.Y. Jan. 16, 2008) (holding that a pre-certification motion to strike the class claims of a portion of the alleged class was *not* premature because "the extent to which the claims of absent members of the putative class have been exhausted is an issue separate and apart from the issues that will be decided on a class certification motion.").

C.  **Plaintiffs' Request for Discovery Based on The Hypothetical Situation of Those Who Cannot Be Similarly Situated Must be Rejected**

Finally, Plaintiffs argue that the class definition should not be modified until they have had time to conduct discovery into whether the arbitration agreements of putative plaintiffs were executed under the influence of fraud or duress. *See* Opp. at 9. However, Plaintiffs have provided no evidence of such issues, including for Motyka, who they concede must arbitrate his claims. The only "evidence" Plaintiffs believe may support their argument against modification is that a theoretical putative class member may have signed his or her arbitration agreement under duress. Contrary to Federal Rules 8 and 11, however, Plaintiffs have not asserted a single fact to support this argument. And in the absence of such support, Plaintiffs should not be permitted to evade the goals of the FAA. *See, e.g., CompuCredit Corp. v. Greenwood*, 132 S. Ct. 665, 669 (2012) (noting that the FAA creates a "liberal federal policy" favoring arbitration agreements and that this policy "requires courts to enforce agreements to arbitrate according to their terms."). Nor should Plaintiffs be permitted to engage in a "fishing expedition" premised solely on the speculation that some class member may have been subject to duress. *See, e.g., Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. Stroh Companies, Inc.*, 265 F.3d 97, 117 (2d Cir. 2001) ("a district court may refuse to allow additional discovery if it deems the request to be

8

based on speculation as to what potentially could be discovered."); *Wright v. Eastman Kodak Co.*, 550 F. Supp. 2d 371, 382 (W.D.N.Y. 2008) *aff"'d*, 328 F. App'x 738 (2d Cir. 2009) ("While a Rule 56(f) discovery request may be granted to allow a plaintiff to fill material evidentiary gaps, it may not be premised solely on speculation as to evidence which *might* be discovered: it does not permit a plaintiff to engage in a fishing expedition.") (emphasis in original).

As other courts have previously stated, "given the absence of any suggestion of fraud or duress, plaintiff's unconscionability argument must fail." *See Brown v. Coca-Cola Enterprises, Inc.*, 08-CV-3231, 2009 WL 1146441, at *9 (E.D.N.Y. Apr. 28, 2009). In *Brown*, the plaintiff affirmatively claimed he neither consented to nor executed an arbitration agreement. However, the court found that "plaintiff [] provided no evidence, or even allegations, of fraud or duress to support his claim of unconscionability." *Id.* at *9. The court reiterated: "It is well-settled that the FAA generally requires that courts resolve issues of arbitrability in favor of arbitration." *Id.* at *5.

A similar analysis applies here. No Plaintiff in the instant matter has even alleged (much less provided evidence of) the existence of coercion or duress. Rather, Plaintiffs' sole objection to a limit on the class definition for individuals who signed the same agreement as Motyka is that an individual may have experienced those issues. Opp. at 3 ("*whether* any of them [may have] done so [under] fraud or duress.") (emphasis added). This plainly speculative language, inviting individuals with admittedly binding arbitration agreements to bring claims in court in direct contravention of those agreements, is a meritless attempt to skirt the FAA's requirements.

Plaintiffs' argument is also self-defeating. Plaintiffs assert that the named and putative Plaintiffs, (including Motyka) are similarly situated. Compl. at ¶ 8. Plaintiffs also concede that Motyka must arbitrate his claims (Opp. at 6), without asserting that he need not arbitrate because of fraud or duress. Thus, if Plaintiffs are now saying that there could be individuals with the same arbitration agreement as Motyka, but who do not need to arbitrate because of fraud or duress, they cannot be similarly situated to Motyka and the issue of a class definition becomes moot because there can be no class or collective action. Specifically, if this Court needs to

9

engage in an individualized inquiry for every putative class member with an arbitration agreement to determine if they were subject to fraud or duress, then the mini-trials that would result from such an exercise preclude certification.  *See* Opp. at 9 (asserting that the Plaintiffs need to collect information to determine the "circumstances" under which "individuals" signed agreements).

## CONCLUSION

In short, Plaintiffs have articulated no valid basis for the Court to delay in addressing the timely question raised by CCF about the scope of this action – a power clearly within the Court's discretion and which should be exercised at the earliest practical point.  Accordingly, this Court should modify the class definition so as to exclude from this action any putative class member who executed the same binding arbitration agreement as Motyka.


Dated:  New York, New York  
       November 6, 2015

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP  
By: /s/ Christopher A. Parlo  
    Sam S. Shaulson  
    Christopher A. Parlo  
    Leni D. Battaglia

*Attorneys for Defendant*