

655 Third Avenue
Suite 1821
New York, NY 10017
Tel. No. 212.679.5000
Fax No. 212.679.5005

1010 Northern Boulevard
Suite 328
Great Neck, NY 11021
Tel. No. 516.248.5550
Fax No. 516.248.6027

September 6, 2016

<u>Via ECF</u>
The Honorable Anne Y. Shields
United States Magistrate Judge for the
Eastern District of New York
100 Federal Plaza, Court Room 830
Central Islip, New York 11722

    Re:    *Guglielmo, et al. v. The Cheesecake Factory Restaurants, Inc.*
            <u>Docket No. 15-CV-03117 (ADS)(AYS)</u>

Dear Judge Shields:

As Your Honor knows, we represent all Plaintiffs in the above-referenced matter. During the status conference on July 21, 2016, the parties, with Your Honor's assistance, agreed to conditional certification of a collective action under 29 U.S.C. 216(b). Dkt. No. 40. Specifically, the parties agreed to (i) conditional certification of all those employed as servers or wait staff or bartenders at the Cheesecake Factory Lake Grove and Huntington Station locations between May 28, 2009 through April 30, 2013, (ii) the use of the Court's form Stipulation, Notice, as well as interrogatories to all Plaintiffs and Opt-ins, and (iii) that Tier I discovery will be conducted following the opt-in period. Following the conference, however, two disputes arose while the parties engaged in finalizing the stipulation and notice of collective action. We write to Your Honor because the parties have attempted but failed to resolve these disputes.

    **1. Third-Party Claims Administrator**

Defendant's counsel, Mr. Leni Battaglia, Esq., represented to us that during the conference on July 21, 2016, he discussed with Your Honor, as part of Defendant's agreement to conditional certification, that Defendant intended to retain a third-party claims administrator

(chosen by Defendant's counsel) to post and distribute the collective action notice and opt-in forms and to receive and file opt-in forms received. As a result, Mr. Battaglia insists that the third-party claims administrator's name and address be inserted into the notice of collective action and the opt-in form (a.k.a. the "Consent to Join" form). Plaintiffs maintain that such a term was never discussed at the July 21 conference, neither during Plaintiffs' ex parte meeting with the Court nor while Defendant's counsel was present. Moreover, nothing regarding a third-party claims administrator was read into the record when both parties reconvened before the Court. *See* Dkt. No. 40 ("July 21 Order"). Indeed, we never would have agreed to such a term for two reasons: (1) the statute of limitations on each person's Fair Labor Standards Act claims continues to run until the opt-in form is filed, and in our experience, having litigated hundreds of collective action lawsuits in this court, we are in the best position to ensure that those forms are filed immediately upon receipt, without delay; and (2) once an opt-in form is mailed back that individual becomes our client, and we need to know that immediately, again without delay, so that we can contact our new client at once. Therefore, Plaintiffs respectfully request that the Court clarify that its prior order did not contemplate the use of a third-party administrator, and approve, unequivocally, that Plaintiffs' counsel's contact information be listed in the notice of collective action and the "Consent to Join" form and that all opt-in forms be returned to our office.

**2. Language to Be Used in the Stipulation and Notice of Collective Action Forms**

During the July 21, 2016 conference, the Court specifically cautioned that the parties should use the Court's approved form of notice of collective action and stipulation so as to avoid disputes as to the specific language or terms to be used in such forms. Indeed, the Court read that instruction into the record. Dkt. No. 40. Thus, in drafting the stipulation and notice of collective action, Plaintiffs, per the Court's instruction, used the Court's approved form from the Court's website. In addition, Plaintiffs proposed to add two paragraphs, one paragraph regarding potential opt-in plaintiff's right to participate in the lawsuit regardless of their immigration status, and another paragraph explaining to potential opt-in plaintiffs that the notice has been authorized by the Court. On August 5, 2016, Plaintiffs sent their proposed notice and stipulation to Defendant's counsel for approval, with the added language clearly highlighted in redline. On August 22, and later on August 24, 2016, Defendant sent us its proposed stipulation and notice forms. Upon reviewing Defendant's proposed forms, Plaintiffs noticed that Defendant proposed numerous changes to the Court's approved form, including removal of the case caption. During a teleconference held on August 26, 2016, we informed Mr. Battaglia that Plaintiffs do not consent to Defendant's proposed changes as they are too numerous to discuss, and proposed to forgo each party's proposed changes and simply use the Court's template, pursuant to Your Honor's July 21 Order. Mr. Battaglia did not agree to our proposal.

      Therefore, Plaintiffs respectfully request that the Court compel the parties to use the stipulation and notice of collective action forms pursuant to Your Honor's Individual Practice Rules, Appendix B and C.  Plaintiffs have attached their proposed stipulation and notice herein as **Exhibit 1** and **Exhibit 2**, which adhere to the Court's template, as well as the Court's July 21 Order.

      We thank the Court for its attention in this matter.

      Respectfully submitted,

      s/Shanshan Zheng
      Shanshan Zheng, Esq.
        *For the Firm*

To: All parties *via* ECF