# Morgan Lewis

**Leni D. Battaglia**
Associate
+1.212.309.7177
leni.battaglia@morganlewis.com

November 11, 2016

**VIA ECF**

The Honorable Anne Y. Shields
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 830
Central Islip, New York 11722

Re:   *Guglielmo v. The Cheesecake Factory Restaurants, Inc.,* 2:15-cv-03117-ADS-AYS

Dear Magistrate Judge Shields:

      We write in response to Plaintiffs' November 1, 2016 letter seeking to send an additional set of notices to the putative plaintiffs who have chosen not to respond to Plaintiffs' solicitation to join this pending action. Respectfully, Plaintiffs' proposal is an improper attempt to unilaterally alter the terms of the parties' agreements and this Court's Orders concerning the form and process for disseminating a *voluntary* notice. Specifically, no reminder notice was raised during the parties' July 21, 2016 Court Conference (the "Conference"). In the parties' subsequent negotiations a reminder was raised by Plaintiffs, but was expressly *rejected by Defendant*, and was then *abandoned* by Plaintiffs in pursuit of other compromises eventually reached by the parties and so-ordered by the Court. Despite all of Plaintiffs' rhetoric about "standard practice among district courts," Plaintiffs do not identify a single case in which a reminder notice was sent after the defendant voluntarily agreed to allow notice based upon a heavily-negotiated process, only to then have the plaintiff try to unilaterally change the rules. Had Defendant known this was the Plaintiffs' plan, the compromises which led to the voluntary notice might never have been reached. Moreover, Plaintiffs' requests ignore the protections individuals are entitled to under electronic communication privacy laws and likely violate at least New York's Social Security Number Protection Law. For all of these reasons Plaintiffs' request should be denied.

      The majority of wage and hour class and collective actions involve a protracted, expensive fight over sending notice to putative class members, coupled often with a second stage (expensive and time consuming) motion to decertify. Valuable judicial resources, attorney time, and client time and resources have to be spent. Here, however, Defendant voluntarily agreed to allow notice to go out – avoiding all of those costs and burdens. To be clear, this Defendant, and indeed no defendant in one of these cases, wants a notice to go out. Especially in a case like this, in which the Plaintiffs' claims will be proven to be without merit, no Company wants the disruption,

Morgan, Lewis & Bockius LLP

101 Park Avenue
New York, NY  10178-0060
United States
T +1.212.309.6000
F +1.212.309.6001

The Honorable Anne Y. Shields
November 11, 2016
Page 2

negative press and blow to employee morale that comes with a communication asserting that it allegedly violated the law and inviting people to sue it.  But balancing those negative consequences, the Company agreed to a *voluntary* notice process believing it would be a one shot occurrence, through regular mail, and that would be the end of it.  Had Plaintiffs' full plan been made known in advance, this Defendant would not have agreed, and likely no defendant would ever agree, to voluntary notice.  That is particularly true if companies understand that an agreement can be thrown out the window any time an opt-in rate is not as high as a plaintiff would like.

By way of important background, Defendant agreed to withdraw its motion to compel arbitration provided that the individuals subject to that motion (putative class members employed after April 30, 2013) be effectively dismissed from the action.  *See* Dkt. 40.  Although Defendant maintained that the remaining putative class could not be certified, it agreed to conditionally certify a group of individuals allegedly similarly-situated to the Named Plaintiffs while reserving the right, following notice and a period of limited discovery, to move for decertification of the collective and/or for summary judgment.  *Id.*  By way of further compromise, and although without any evidentiary support from Plaintiffs, Defendant consented to send notice to an entirely unrelated position (bartenders) and to two locations.  Defendant made those compromises to spare the Court and itself the burden and expense of having to prepare and decide the merits of Defendant's opposition to conditional certification.  In making these concessions, Defendant insisted upon – and Plaintiffs agreed – to a very simple notice procedure consistent with Your Honor's template forms at Appendix B & C of Your Honor's Individual Rules – which notably ***do not*** contemplate or include a reminder notice.  Modification of Your Honor's template materials to include a reminder notice was never raised at the Conference, and would have stood in the way of the compromise reached by the parties.

Following the Conference, on August 5, 2016, Plaintiffs submitted their proposed version of Your Honor's template forms to Defendant, and included a proposed reminder notice.  On August 22, 2016, Defendant countered by making certain changes to the template forms and explicitly *rejected* the reminder.  As the parties continued to meet and confer at great length and expense over the following months to resolve disputes regarding the notice forms and process, Plaintiffs **never again** raised the issue of a reminder notice.  In fact, Plaintiffs did not raise the issue again until October 12, 2016, nearly a month after the parties had already reached an agreement on ***all*** terms relating to the notice, submitted them to the Court on September 20, 2016 (Dkt. 46), and received Your Honor's approval on September 21, 2016 (Dkt. 47).  In fact, the notice period will be nearly halfway concluded by the time the parties appear on November 16, 2016 to discuss this issue with Your Honor.  Such timing is improper and itself determinative; courts have repeatedly denied a plaintiff's request for a reminder notice where, as here, such request was brought *after* the notice process was approved and the initial notice had been disseminated.  *See, e.g., Whittington v. Taco Bell of Am., Inc.,* No. 10-cv-01884, 2012 WL 1622457, at *1 (D. Colo. May 9, 2012) ("[T]he current timing of Plaintiff's request is quite troublesome. . . . [I]n the majority of the cases cited by Plaintiff, the district courts endorsed re-mailing of FLSA notice packages in authorizing the *initial* notice plan prior to the notice period.") (emphasis in original).  All of the cases cited by Plaintiffs are readily distinguishable in that a reminder notice was authorized as part of the *initial* notice plan – not as an afterthought to unilaterally change an agreement.

The Honorable Anne Y. Shields
November 11, 2016
Page 3

   Further underscoring the troubling nature of Plaintiffs' request, Plaintiffs' proposal includes additional and more onerous terms than even those contained in their initial proposal to Defendant (sent to and rejected by Defendant on August 5 and 22, 2016, respectively), and all of which are far from the single notice agreed upon at the Conference.[1]  For instance, contrary to Plaintiffs' own initially-proposed notice to be sent via U.S.P.S., Plaintiffs now seek to re-send the entire notice materials by mail, text message, and email, and with a hyperlink to an online website. Yet, Plaintiffs have failed to offer *any* argument why such extensive notice is required in this instance, particularly where, as here, Defendants have provided physical addresses for all members of the collective and have agreed to post physical notice at the two locations in question (*see* Dkt. 47), a professional settlement administrator of Plaintiffs' choosing is handling notice dissemination, and Plaintiffs have demonstrated significant contact with the putative members of the collective.  Further, these requests directly contravene the parties' agreement at the Conference to abide by Your Honor's template notice and conditional certification stipulation because those materials specify that one notice only should be sent, and be sent by U.S.P.S.  *See* Dkt. 40.

   Plaintiffs' new request for a reminder notice, and particularly one that so drastically expands the notice scope and process beyond anything previously contemplated, also disregards the parties' ***joint*** representation to Your Honor on September 20, 2016 that they had agreed on all terms of the notice and that "the parties have no issues remaining that require judicial intervention."[2]  Had Plaintiffs insisted on the reminder notice – let alone the many new terms raised for the first time now, Defendant would not have reached the resolution that was submitted to the Court (which includes multiple additional concessions to Plaintiffs), that was ordered by the Court, and ***that resulted in the notice that has already been sent to the collective.***  Because the bell cannot be unrung, Plaintiffs cannot be permitted to unilaterally alter material terms of the parties' conditional certification agreement and Your Honor's template notification materials.  If that is allowed it will chill every defendant's thoughts about agreeing to a voluntary notice and/or entering into stipulations.  *See, e.g., Katel Ltd. Liab. Co. v. AT & T Corp.*, 607 F.3d 60, 65 (2d Cir. 2010) ("[A] stipulation is generally binding on parties that have legal capacity to negotiate, do in fact freely negotiate their agreement and either reduce their stipulation to a properly subscribed writing or enter the stipulation orally on the record in open court."); *see also Marine Midland Bank, N.A. v. United States*, 11 F.3d 1119, 1124 (2d Cir. 1993) (recognizing that allowing a party to violate the terms of a stipulation "would chill future litigants from entering into such stipulations.").

   As to the other arguments raised in their letter, Plaintiffs first argue that the reminder is necessary because potential plaintiffs may forget having received the notice.  Yet, the FLSA does not require that potential plaintiffs be repeatedly notified so as to prevent forgetfulness.  Indeed, the FLSA does not mention the use of a notice at all.  It is a judicially created notion.  Nor does the FLSA say that a reminder notice should be sent to maximize participation in an action, which appears to be Plaintiffs' goal in raising this issue now.  To the contrary, as multiple courts have

---

[1] While Mr. Minkoff may have not been a party to those negotiations, his Firm was.  *See* Dkt. 49 & 50.

[2] Plaintiffs' statement that it is Your Honor's "standard practice" to delay adjudication of a reminder notice request until after the other terms of notice have been decided is baseless on its face, as such practice would needlessly waste judicial resources by having the parties raise related issues separately and potentially compromise or undo any earlier agreement that was reached.

The Honorable Anne Y. Shields
November 11, 2016
Page 4

held: "The purpose of notice is simply to inform potential class members of their rights. Once they receive that information, it is their responsibility to act as they see fit." *See, e.g., Witteman v. Wisconsin Bell, Inc.*, No. 09-cv-440, 2010 WL 446033, at *3 (W.D. Wis. Feb. 2, 2010) ("[R]eminder is unnecessary and potentially could be interpreted as encouragement by the court to join the lawsuit."). This measured approach is fully consistent with the actual language of the FLSA, which cautions that the FLSA had "been interpreted judicially in disregard of long-established customs, practices and contracts between employers and employees, thereby creating wholly unexpected liabilities, immense in amount and retroactive in operation." 29 U.S.C. Section 251(a). Allowing such continued disregard would lead to "the courts of the country . . . [being] burdened with excessive and needless litigation and champertous practices would be encouraged." *Id*. If defendants are afraid to agree to voluntary notice it clearly will lead to needless litigation. If plaintiffs are allowed to unilaterally change voluntary agreements unfettered efforts at solicitation will be encouraged.

Second, sending additional notice – particularly given the other physical mailing and posting – could be misinterpreted as judicial encouragement to join the lawsuit. *See, e.g., Schroeder v. Humana Inc.*, No. 12-C-0137, 2012 WL 5931886, at *9 (E.D. Wis. Nov. 27, 2012) ("[A] reminder is unnecessary and may even be misinterpreted as judicial encouragement to join the lawsuit."). This is of particular concern where, as here, the reminder notice is requested late in the notice dissemination process because Plaintiffs do not like the opt-in rate. *Whittington*, 2012 WL 1622457, at *2 (citing *Hoffman–La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989) (holding that "a decision authorizing Plaintiff to resend the notice packages at this late stage could reasonably be interpreted to denote the court's disappointment with this opt-in rate and encouragement to join this action. [A]lthough that interpretation would be false, even the mere 'appearance of judicial endorsement of the merits of [this] action" is improper.'").

Third, a reminder notice is not necessary where, as here, there is a short 60-day period to return the form. *See, e.g., Villarreal v. Caremark LLC*, 66 F. Supp. 3d 1184, 1196 (D. Ariz. 2014) ("Given the reduction in the requested opt-in period from 90 to 60 days, the Court finds that sending reminder postcards is unnecessary."); *see also Campeau v. NeuroScience, Inc.*, 86 F. Supp. 3d 912, 919 (W.D. Wis. 2015) (holding notice was "not necessary" where the notice period was only 60 days). In addition, contrary to the contention in Plaintiffs' letter, courts routinely require a plaintiff to demonstrate extenuating circumstances warranting reminder. *See, e.g., Guzelgurgenli v. Prime Time Specials Inc.*, 883 F. Supp. 2d 340, 358 (E.D.N.Y. 2012) (J. Spatt); *see also Graham v. Jet Specialty, Inc.*, No. 15-cv-135, 2016 WL 154846, at *8 (W.D. Tex. Jan. 11, 2016) ("because Plaintiff has not listed any extenuating circumstances which would necessitate a follow-up notice, the court finds that a single notice is appropriate."). Plaintiffs have made no such showing.

Finally, Plaintiffs' letter completely ignores the Federal laws (as well as the laws in over 20 states) that exist to protect the unauthorized use and disclosure of electronic communications and Social Security Numbers ("SSNs"). Specifically, Plaintiffs' letter totally ignores the New York Social Security Number Protection Law, which was enacted in 2006 with the direct purpose to limit the use and dissemination of SSNs. Enacted with two other measures aimed to protect against identity theft, the law imposes harsh penalties on individuals and entities that fail to protect the confidentiality of individuals' SSNs. For example, the law requires companies to adopt reasonable measures to limit access to SSNs in their possession, including as to any employees

The Honorable Anne Y. Shields
November 11, 2016
Page 5

with access to the SSNs.  Plaintiffs' letter completely ignores this requirement and does not address the necessary protections (and written plan) that would need to be in place to protect the SSNs.  Moreover, companies must store SSNs in a manner designed to preclude unauthorized access and to ensure confidentiality.  Again, Plaintiffs' letter does not even mention this important protection.  Instead, they simply want social security numbers "produced" to them so that they, or any individual in their lawyer's office, can run checks on individuals who are not plaintiffs (and are not the law firm's clients), so that they can then send them unsolicited communications, including unauthorized, unsolicited electronic communications.  In their blind dash to solicit more individuals to sue their current employer Plaintiffs trample on the right of those individuals to have their privacy protected.

      For all of the reasons noted above, Plaintiffs' letter is an improper attempt to circumvent the parties' negotiations and the Orders of this Court.  Accordingly, Defendant respectfully requests that Plaintiffs' letter motion seeking court approval to send a reminder notice in any form, and particularly through a text message or email, be denied in its entirety.  Defendant also asks that Plaintiffs' request for the production of social security numbers be denied.

Sincerely,

/s/ Leni D. Battaglia
Leni D. Battaglia

DB1/ 89726132.7